WYSS-THALMAN et al. v. MARYLAND CASUALTY CO. OF BALTIMORE.

(Circuit Court, W. D. Pennsylvania. October 20, 1910.)

1. EVIDENCE (§ 433*)—WARRANTIES—KNOWLEDGE OF INSURED.

An accident policy provided that it was issued in consideration of the statements in the schedule of warranties; that no change whatever in the policy or waiver of its provisions should be valid unless an indorsement was added signed by the president or secretary; and that all the warranties made by the assured were true. Among these warranties, which were a part of the policy, were the statements that no accident policy issued to the assured had been canceled; that he had never received indemnity for any accident or injury; and that he had no other accident insurance. It was admitted that a few months before the policy was issued assured had received indemnity under another accident policy, that such policy had been canceled thereafter, and that he had two other accident policies in force at the time of the issuance of the policy in question. *Held*, that evidence in rebuttal that the statements in the schedule of warranties above referred to were made by the agent of the company in the absence of the assured, and without his knowledge or consent, was inadmissible for the reason that the effect of the evidence would be to change the terms of the contract sued on.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1990–2004; Dec. Dig. § 433.*]

2. INSURANCE (§ 301*)—WARRANTIES BY INSURED—MATERIALITY.

Statements in the schedule of warranties in an accident policy that no accident policy issued to assured had been canceled, that he had never received indemnity for an accident or injury, and that he had no other accident insurance, were material.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 301.*

Waiver of condition against other insurance, see note to United Firemen's Ins. Co. v. Thomas, 27 C. C. A. 46.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8.** INSURANCE (§ 376*)—PROVISION AS TO WAIVER OF CONDITIONS—VALIDITY.

A provision in an accident policy, that no change whatever or waiver of its provisions should be valid unless an indorsement was added signed by the president or secretary of the company, was valid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952–955; Dec. Dig. § 376.*]

**4.** INSURANCE (§ 136*)—NOTICE TO ASSURED OF PROVISIONS—DELIVERY OF POLICY.

By the delivery of an accident policy to the assured, he is put on notice of the conditions therein expressed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 219–230; Dec. Dig. § 136.*]

At Law. Action by Vincent Wyss-Thalman and another against the Maryland Casualty Company of Baltimore. A verdict was directed for defendant, and plaintiffs move for a new trial. Motion denied.

Writ of error dismissed 193 Fed. 53.

Dunn & Moorhead, for the motion.

Gordon & Smith, opposed.

ORR, District Judge. [1] This matter comes before the court upon a motion for a new trial on the part of the plaintiffs. The action is brought upon a policy of accident insurance, dated February 5, 1909. The provisions of the policy necessary for consideration are:

First. The provision that the policy is issued "in consideration of the statements in the schedule of warranties hereinafter contained and of $15 premium."

Second. The stipulation:

"An agent has no authority to change this policy, or to waive any of its provisions, nor shall notice to any agent or knowledge of his or any other person be held to effect a waiver or change in this contract, or any part of it. No change whatever in this policy and no waiver of its provisions shall be valid unless an indorsement is added hereto signed by the president or secretary of the company expressing such change or waiver. In any manner relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company."

Third. The stipulation:

"That all the warranties made by the assured upon the acceptance of this policy are true, viz."

Fourth. The following questions and answers in the schedule of warranties referred to, which appear upon the face of the policy as part thereof:

"(9) No application ever made by me for insurance has been declined, and no accident or health policy issued to me has been canceled, except as herein stated. No.

"(10) I have never received indemnity for any accident or illness, except as herein stated. No.

"(11) I have no accident or health insurance, nor have I applied for any in this or any other company, except as herein stated. No."

At the trial it was admitted that the assured had procured an accident policy from the Travelers' Insurance Company of Hartford, Conn., on September 16, 1908, and that the same had been canceled

by the company on October 28, 1908; that on November 20, 1908, the said Travelers' Insurance Company of Hartford, Conn., paid the assured indemnity for a disability sustained by him on October 23, 1908, for a period of 17 days; that at the time of the issuance of the policy sued on in the case at bar the assured had two accident policies in force issued by the American Fidelity Company of Montpelier, Vt.; and that the policies issued by the said Travelers' Insurance Company and the American Fidelity Company had been applied for by the assured named in the policy in suit.

After the introduction of such evidence, the plaintiffs, in rebuttal, offered to prove by an insurance broker that the answers in said schedule of warranties were not made by the assured, but by the witness, and that they were inserted in the policy without the consent of the assured and without his knowledge; and further, to prove by the soliciting agent of the defendant that the answers were filled in by the insurance broker in the office of the soliciting agent in the absence of the assured, and that therefore the statements were the statements of the company and not the statements of the assured, who it appears was not present at the time the policy was prepared and executed.

The court sustained an objection to the admissibility of such rebuttal testimony for the reason that the effect of the evidence would be to change the terms of the contract sued on.

It is not necessary to consider whether or not the company ever waived any of the privileges of the policy because the ground of the plaintiffs' action is not waiver. This contract as it was written was affirmed by the pleadings. The theory of the plaintiffs was that the insurance company could not escape liability because of the falsity of the warranties, although they were a consideration for the contract, if the agent of the company had prepared and written the answers which constituted the warranties in the absence of the assured.

The court could not see any reason why the terms of the policy should be ignored. The agent, as appears by the terms of the contract, had no authority to change the policy, and notice to him or knowledge of his, could not by the terms of the contract have the effect of a waiver or change the contract or any part of it. As provided in the contract itself, there could be no change whatever in the policy, or waiver of its provisions, unless an indorsement were added thereto signed by the president or secretary expressing such change or waiver.

Whether or not the assured had procured indemnities from other insurance companies; whether or not the assured had at the time other accident insurance in force; and whether or not any accident insurance company had canceled any policy issued by it for the protection of the assured, or those near to him—were material questions.

It appeared that, after the insurance broker had written the answers to the questions which constituted the warranties, the soliciting agent prepared the policy, countersigned same, and handed it to the broker. The mere fact that the assured was not present at the time the answers were made does not bring this case within the rule of Insurance Co. v. Wilkinson, 80 U. S. 222, 20 L. Ed. 617, upon which the plaintiffs specially rely. It appears in that case that the answers

were made in an application for a policy, and were not made to appear upon the policy upon which the action was brought. The application was offered to defeat the right of the plaintiff to recover because of untrue answers contained therein, which, according to the testimony as found by the jury, were not the answers of the insured, who was present and making answers to interrogatories propounded by the representative of the insurance company, but were made by the insurance company's agent.

That case was considered in Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, to have been decided upon its own peculiar facts. It is emphasized in the later case (bottom of page 349 and top of page 350 of 183 U. S., page 148 of 22 Sup. Ct., 46 L. Ed. 213) that the statement was not "contained in the policy sued on, but an extrinsic fact or statement contained in the application." It is further stated in the opinion that it was not intended in the Wilkinson Case to lay down a new rule of evidence in insurance cases.

[2-4] Many cases could be cited to show that the warranties in the case at bar were material; that the provisions that no agent should have power to waive the provisions of the policy, except by writing indorsed thereon, are valid and enforceable; and that by the delivery of the policy to the assured he is put upon notice of the conditions therein expressed. It is sufficient, it seems to us, to refer to the summary of the principles applicable to insurance policies as contained in Northern Assurance Co. v. Grand View Building Ass'n, supra, 183 U. S. page 361, 22 Sup. Ct. 133, 46 L. Ed. 213.

A new trial must be refused.