CLUBB *v.* THE AMERICAN ACCIDENT COMPANY OF LOUIS-VILLE, KENTUCKY, and *vice versa.*

1. Where soliciting and forwarding applications for policies of insurance was within the scope of the duties of an agent of an insurance company, and such agent undertook to prepare for another an application for insurance and willfully inserted therein a false answer to a material question, he will be regarded in so doing as the agent of the company and not of the applicant, and the agent's knowledge of the falsity of the answer will be imputed to the company.

2. Although, in such case, the application was, by its terms, a part of the contract of insurance, and was signed by the person to whom the policy was subsequently issued, if the latter was fraudulently misled and deceived by the agent as to the contents of the application in the respects indicated, and was in-fact ignorant that it contained the false answer in question, the company will not be allowed to avoid the policy on the ground of a false warranty in relation to that answer.

3. This case, upon its substantial merits, is controlled by the propositions of law above announced, and there was no error

in refusing to grant a new trial upon any of the grounds of the motion therefor to which the cross-bill of exceptions relates.

November 15, 1895.

Action on insurance policy.    Before Judge Sweat. Glynn superior court.    May term, 1895.

Clubb sued the insurance company, alleging that on December 31st, 1891, in consideration of $17 premium paid to it, defendant contracted with him to insure him against bodily injuries sustained through external, violent and accidental means, for twelve months, as per contract of insurance, copy of which is attached.    During the term of the existence of the contract and while it was in full force, on March 14, 1892, owing to no negligence upon his part, he received an accidental injury.    He was engaged in mowing grass near his farm, a lawful occupation and one not prohibited by the policy.    He laid his scythe momentarily upon the ground and accidentally stepped back and upon it, thereby accidentally cutting and almost severing the sinew connecting his heel to his leg.    He suffered great pain, was unable to attend to any of his business for ten weeks or more, and was partially disabled for twenty-six weeks or more.    The declaration then set forth the amount stipulated to be paid in the policy for total and for partial disability, and alleged that defendant was indebted to him therefor, under the contract, $190.    He also alleged demand for payment, that defendant captiously and illegally refused to pay; and sued for damages therefor and for attorney's fees.    The policy of insurance attached was dated at Louisville, Ky., December 31, 1891, signed by W. H. Dillingham, president, and Robert Skene, Jr., secretary.    The term of the insurance and the premium were as stated in the declaration.    The policy stated as its consideration, "the written and printed application for this policy which is hereby made a part of this contract," and said premium.    It stipulated, among other things, that it did not cover accidental injuries or death caused by volun-

tary exposure to unnecessary danger; and that no condition
or agreement or part thereof contained in the policy or in
the application for the same, could be waived or altered in
any manner by any person except by the president or sec-
retary of the company, in writing endorsed on the policy.
Among the stipulations as to indemnity was the following:
"At the rate of $12.50 per week, against loss of time not
exceeding fifty-two weeks, if immediately, wholly and con-
tinuously disabled from transacting any and every kind of
business pertaining to his occupation as described in his
application."

Defendant pleaded, that the consideration for the in-
surance was the premium and the written warranties by
plaintiff, that the things stated by him in his application
for the policy were true, which application was made and
is a part of the contract of insurance; that in said applica-
tion he warranted, stated and covenanted that the business
in which he was engaged was that of "contracting," that
his occupation was that of a "contractor," and that the
duties required of him in his said business were "contract-
ing, not building"; that upon the faith thereof, defendant,
believing the same to be true, made and delivered the
policy, whereas the same were false, and plaintiff was then
engaged in the business of farming, pursuing the occupa-
tion of a farmer, and the duties required of him therein
were those of a working farmer; that when he made the
application he was fully advised of the classification of
risks by defendant, and knew that a working farmer was
set down therein as not insurable against accidents such as
defendant insured against, and would not be insured by
defendant, and in his application for insurance stated,
covenanted and warranted that he knew and understood
the same, etc.    The application for the policy was stated
in said application to be based "upon the following state-
ments, which I warrant to be true and complete, and that
I have concealed nothing material to be known to the com-

pany; and having read this application, I hereby contract and agree to accept said policy subject to all conditions and agreements contained therein and in this application, and also such as are endorsed hereon, and I understand and agree that the company shall not be bound by any statements made by or to any person, unless written herein." The application stated the kind of business and occupation of the applicant, as set forth in the plea.   It also stated that the applicant understood the classification of risks and agreed to notify the company's secretary in writing of any change in his occupation, and should such changed occupation as classed by the company be more hazardous, it should immediately change the classification of risk accordingly; and that in the event of injury while doing anything pertaining to a more hazardous occupation, the applicant should receive only such an amount as the company pays in the classification of such more hazardous occupation.

By amendment plaintiff alleged: At the time he signed the application the answers and questions were not contained therein, but were inserted by defendant without his knowledge or consent, and he had no means of knowing that the same were contained in the application until after the happening of the accident.   On the day the application appears to have been signed by him, defendant's agent, Abrams, wrote out such answers to the queries in the application after reading the same to plaintiff, and he is positive that Abrams asked him at the time no questions as to his occupation, business or duties, and that he never at any time stated to Abrams that he was a contractor, that his business was that of contracting, or that the duties required of him in his business were contracting, not building.   The inserting of said answers in the application must have been after he signed it, and was a wrong perpetrated upon him by defendant, he signing the application upon request of Abrams.   When the application was signed, and for a long time before, he was and is now a farmer, and

would have so stated to Abrams had he been asked. He always works. Abrams knew when the application was made that he was a farmer and no contractor, and did not inform him that defendant would not insure a farmer at that time. Afterwards Abrams handed him the policy, and he asked Abrams how he (plaintiff) was insured by defendant, and Abrams replied that he had been insured by defendant as a farmer.

There was a verdict for plaintiff for $190. Defendant moved for a new trial; the first three grounds of the motion being, that the verdict was contrary to law and evidence. The motion was granted, the judge stating in his decision, that inasmuch as it appears that defendant, while engaged in insuring contractors and others against accident and in providing an indemnity for loss thereby occasioned, yet was not engaged in insuring farmers against accident, and provided no indemnity for loss by such; that Clubb sought insurance with this company as a farmer, and was injured while engaged in farm work; that he was insured by the company under the policy sued on, as a contractor and not as a farmer, when in fact he was not a contractor but was a farmer, and would be entitled under the policy to the amount of indemnity provided for a contractor, in the event of injury; that it was not within the scope of the business of defendant to insure farmers, but the agent who took his application for insurance and delivered him the policy transcended his powers; and Clubb having in this suit obtained a verdict for the indemnity provided for contractors, when in fact he was not a contractor but a farmer, the court is of opinion that he is not entitled to recover in this action. The court, however, is of the opinion that, in a proper action, he could recover the amount of premiums paid, with interest thereon, because of the failure to consummate a legal and binding contract between the parties. To the grant of a new trial plaintiff excepted. In a cross-bill of exceptions defendant alleged

that the court erred in not granting a new trial upon each of the other grounds of the motion therefor; and erred in not granting a new trial upon the first three grounds of the motion generally, and in limiting the grant to the special reasons assigned in the decision.   The other grounds of the motion were, that the jury found contrary to specified portions of the charge; and that the court erred in giving the following charges:

"If you shall be satisfied that the statements made in the application, the answers as therein written were not the answers as made by the plaintiff, Clubb, at the time the application was taken, but that they were written down by the agent, as the court has stated, either designedly or through inadvertence, and that the plaintiff signed the application with the answers as thus written in there, under these circumstances, relying upon the agent having written them down properly as he claims to have answered them, the court charges you that he would not be bound by the acts of the agent; and, if the answers as they appear in this written application were false, that they would not vitiate the policy which was issued, and for which he paid the premium, nor prevent his recovery in this case; but such acts done by the agent would be the acts of the defendant company, and they would be bound by them.

"The defendant in this case is an artificial person, a corporation which acts through its officers and agents, and it is bound by all of the acts of its agents performed within the legitimate and proper scope and line of their duty and authority.   In reference, therefore, to the question just stated to you by the court, and in that connection, there has been tendered in evidence a letter purporting to be from the secretary and general manager of the defendant company.   If you find that to be such a letter in fact and in that find that a statement is made that this defendant company will not pay any claim whatever to this plaintiff in this connection, the court charges you that that will be sufficient

evidence upon that question, and that it would not be incumbent upon the plaintiff, therefore, to show that he had furnished proofs of injury done him and of his disability, so as to entitle him to recover; but that such a statement upon the part of the agent of the defendant company, acting as I have stated, would amount to a waiver of the necessity of furnishing any such proof." Error, because the court assumed that the letter therein referred to was the letter of the secretary and general manager of defendant, and therein expressed an opinion upon the sufficiency of the evidence; and because the letter was of a date prior to the time when plaintiff could have made a demand upon defendant for the amount he sued for. It appears that the letter in question was dated May 28, 1892, addressed to plaintiff, and purported to be signed, "Robert Skene, Jr., secry. and gen. mangr." Plaintiff testified that he received it by due course of mail, and that it was a couple of weeks or more prior to receiving it that he sent a statement of his claim to the secretary and general manager at Louisville, Ky. The letter appears, in effect, to be a refusal to pay plaintiff's claim for the reasons set forth in the defense urged to this suit; and because the amount of total deposit for which plaintiff asked payment was in excess of what plaintiff's statement showed he was entitled to.

"The court charges you in this case, that if it shall appear from the evidence which has been submitted to you, that there was a refusal upon the part of the defendant company to pay any claim to this plaintiff, resulting from the happening of the accident and injury as claimed and under this policy of insurance, that would amount to a waiver upon their part so far as requiring this plaintiff to comply with the stipulations in regard to furnishing proofs of any injury, etc., and it could not be incumbent upon him then or subsequently, pending the total or partial disability, for him to furnish any proofs at all.

"That finding that the application was a part of the insurance policy and a part of the contract made and entered into between these parties, the plaintiff on the one hand and the defendant through its agent on the other, that ordinarily as a rule, both parties, the plaintiff as well as the defendant, would be bound by all the terms and conditions embodied, not only in the policy of insurance, but in the application and all the statements therein made. Should you find, however, in this case, that the agent of the defendant company took the application of the plaintiff for the accident insurance in question, that he himself, in taking the application as agent of the company, was engaged in writing out the answers to the questions propounded in the application, and you shall find that in propounding these questions, that the plaintiff in this case, R. S. Clubb, in answering the questions as to what business he was engaged in or as to what was his business, stated that he was a farmer and engaged in farming; but that the agent thus engaged in writing the answers to the questions, either designedly for any purpose he may have had, or through indifference, did not write down the answers as given by the plaintiff, for instance that he was a farmer, but instead wrote that he was a contractor engaged in contracting, etc., and you shall find that the plaintiff, Clubb, presuming that the answers were written down by the agent of the defendant company as made by himself, and relying upon that being done, and acting under the honest apprehension that it was done, without reading the application and the answers as written, he signed the application, and that the policy of insurance was issued to him, he paid the premium required, and was injured in the manner claimed by him and was disabled as claimed, the court charges you that if you find that to be true, then although the answers as written in the application were not as made by the plaintiff, who was the applicant, that he was a farmer and engaged in farming, but that he was a contractor and engaged in the work of

contracting, the court charges you that notwithstanding that, that if you find this statement as just made by the court to be true, the plaintiff would be entitled to recover in the case, and he would not be prevented from recovering by reason of the fact, if it should be true, that under those circumstances the agent wrote down the answers incorrectly, or that under the circumstances as stated the plaintiff signed the application with the answers thus incorrectly written in it. If you shall find in this case, that in taking this application for the defendant by its agent from the plaintiff, that while engaged in propounding these questions and writing down the answers, that the plaintiff made false statements as to his business or occupation, as claimed, if you find it to be true that upon the question being propounded to him as to what his occupation or business was, that he stated it was that of a contractor and that he was engaged in contracting, etc., the court charges you, that a policy of insurance being issued and delivered to him and the premium being paid, and the policy being held by him, and he being injured not as a contractor, but in his work as a farmer or farm-hand, that he would not be entitled to recover any sum in this case. That is the controlling question in this case, which you must determine for yourselves from the opinion you entertain from the evidence. If you shall be satisfied that the statements made in this application, the answers as therein written, were not the answers as made by the plaintiff, Clubb, at the time the application was taken, but that they were written down by the agent, as the court has stated, either designedly or through inadvertence, and that the plaintiff signed the application with the answers as thus written in there upon those circumstances, relying upon the agent having written them down properly as he claims to have answered them, the court charges you that he would not be bound by the acts of the agent; and if the answers as they appear in this written application were

false, that they would not vitiate the policy which was issued, and for which he paid the premium, nor prevent his recovery in this case, but such acts done by the agent would be the acts of the defendant company, and they would be bound by them."

Also, that the court erred in allowing plaintiff, over defendant's objection, to introduce evidence tending to show that Abrams knew, before and after the making of the application, that plaintiff was a farmer and not a contractor; and in overruling defendant's objection to the following question to plaintiff, and in admitting his answer: "Did you tell the agent, Mr. Abrams, at the time you made this application, that you were a farmer?" Answer: "Yes"; and in overruling defendant's objection to the following question to plaintiff, and in admitting his answer: "Did you state to him, Mr. Abrams, the agent, that you were not a farmer?"   Answer: "I did not." The ground of objection was, that under the pleadings and policy the evidence was illegal and inadmissible, and tended to vary the terms of the policy without any foundation therefor.

*Johnson & Krauss*, for plaintiff.
*Symmes & Bennet*, for defendant.

LUMPKIN, Justice.

The principal and controlling legal questions involved in the present case are stated in the head-notes.   We rest the correctness of our conclusions upon the reasoning of Mr. Justice Miller in the case of Insurance Co. *v.* Wilkinson, 80 U. S. 222.   The whole subject relating to the responsibility of insurance companies for the acts of their soliciting agents is elaborately discussed in his opinion. We take from it the following extended extract, which is sufficient for our present purpose:

"It is not to be denied that the application [for an insurance policy], logically considered, is the work of the

assured, and if left to himself or to such assistance as he might select, the person so selected would be his agent, and he alone would be responsible.   On the other hand, it is well known, so well that no court would be justified in shutting its eyes to it, that insurance companies organized under the laws of one State and having in that State their principal business office, send these agents all over the land, with directions to solicit and procure applications for policies, furnishing them with printed arguments in favor of the value and necessity of life insurance, and of the special advantages of the corporation which the agent represents.   They pay these agents large commissions on the premiums thus obtained, and the policies are delivered at their hands to the assured.   The agents are stimulated by letters and instructions to activity in procuring contracts, and the party who is in this manner induced to take out a policy, rarely sees or knows anything about the company or its officers by whom it is issued, but looks to and relies upon the agent who has persuaded him to effect insurance as the full and complete representative of the company, in all that is said or done in making the contract. Has he not a right to so regard him?   It is quite true that the reports of judicial decisions are filled with the efforts of these companies, by their counsel, to establish that they can do all this and yet limit their responsibility for the acts of these agents to the simple receipt of the premium and delivery of the policy, the argument being that, as to all other acts of the agent, he is the agent of the assured. This proposition is not without support in some of the earlier decisions on the subject; and, at a time when insurance companies waited for parties to come to them to seek assurance, or to forward applications on their own motion, the doctrine had a reasonable foundation to rest upon.   But to apply such a doctrine in its full force to the system of selling policies through agents, which we have described, would be a snare and a delusion, leading, as it has done in

numerous instances, to the grossest frauds, of which the insurance companies receive the benefits, and the parties supposing themselves insured are the victims. The tendency of modern decisions in this country is steadily in the opposite direction. The powers of the agent are, *prima facie*, coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals. 'An insurance company, establishing a local agency, must be held responsible to the parties with whom they transact business, for the acts and declarations of the agent within the scope of his employment, as if they proceeded from the principal."

Those desiring to enter upon a further investigation of the subject with which we are now dealing may, with profit, consult the numerous authorities cited in the second note on pp. 324–328 of volume 11 of the Am. & Eng. Enc. of Law.

In view of the law as we understand it, the plaintiff, under the evidence submitted, was entitled to a recovery, and the court erred in granting a new trial.

*Judgment on main bill of exceptions reversed.*

*On cross-bill affirmed.*