## GRIMSLEY *et al. v.* SINGLETARY.

1. Where an illiterate person, unable to read, signs a written instrument in ignorance of its character or contents, believing it to be an instrument of a different nature, and is induced to do so by the misrepresentations of the other party, whose good faith he has no ground to reasonably suspect, as to the nature or contents of such writing, he is not bound thereby, although he does not request the opposite party or any one else to read the paper to him before he signs it.

2. It is not error to fail to charge upon a particular contention of a party when such contention is not presented by the pleadings; nor is it error to fail to charge upon a contention made in the pleadings which is not supported by any evidence.

3. A correct and pertinent charge is not rendered erroneous by failure to give other instructions, appropriate to the case, in connection therewith.

Argued February 12, — Decided July 1, 1909.

Equitable petition. Before Judge Worrill. Early superior court. February 8, 1908.

*Pope & Bennet, Park & Collins,* and *W. A. Jordan,* for plaintiffs in error.· *Pottle & Glessner,* contra.

FISH, C. J. The main issue upon the trial of this case was, whether the defendant, Caroline Cowart, was induced by the fraud of the plaintiff, Singletary, to execute to him the conveyance of the land in question, upon which conveyance the plaintiff relied for a recovery. It appeared from the evidence, that Caroline was an illiterate negro and was unable to read; that the plaintiff wrote the instrument, in his store at Blakely, Ga., and delivered it to her with direction that she go to the office of the clerk of the superior court and sign it in the presence of the clerk and another witness, which she did. According to the testimony in behalf of the plaintiff, he, after preparing the instrument, read it over to Caroline before she executed it, and it was for a valuable consideration, to wit: that he should pay what Caroline owed as purchase-money for the land to the person from whom she bought it and whose bond for title she held, and lease the land to her, for a given time, at a stipulated rental, and that upon payment to him by her of all the rents that had accrued, an old account that she owed him for supplies, all the advances that he made to her, and $675, he would reconvey the land to her; and the transaction was fair and entirely free from fraud. The evidence in behalf of defendants, if credible, authorized a finding that Caroline was induced to sign the instrument by the representations of the plaintiff that it was not a deed, but a note, and she executed it under the impression that it was a note or "a showing" to the plaintiff for the indebtedness due him by her husband, Shep Cowart. There was no evidence that Caroline requested any one to read the instrument to her. It appeared that her husband was present when the plaintiff delivered the instrument to Caroline, to be taken to the clerk's office for execution, and that he was also present when it was executed. It appeared

that he was also illiterate and unable to read; and he testified that from the representations made by the plaintiff to Caroline and himself he understood the instrument to be a note.

1. The court instructed the jury as follows: "that although she [Caroline Cowart] may have been an illiterate person, if Singletary delivered it [the instrument] to her, and she had the opportunity of finding out the contents of that paper, if she had reasonable opportunity for doing so, and she failed to avail herself of the opportunity, and if she signed it without taking pains to find out what was in it, then she would be bound by the deed." This charge was excepted to as being an erroneous statement of the law. In our opinion, this instruction was erroneous. It is elementary that fraud, as a general rule, vitiates all contracts. There are numerous decisions of this court to the effect that one signing an instrument without reading it is bound by its terms, unless it appears that he could not read and was for this reason imposed upon, or that the signing was under some emergency which excused the failure to read, or that the failure to read was brought about by some fraud or misleading device of the other party. *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), and cases cited. Where, however, one who can not read is induced to sign an instrument by the misrepresentations of the other party as to its character or contents, he is not bound thereby. He may, ordinarily, rely upon the representation of the other party as to what the instrument is or as to what it contains; and his mere failure to request the other party, or some one else, to read it to him will not generally be such negligence as will make the instrument binding upon him. As this erroneous instruction was given on the main issue in the case, it necessarily requires a reversal of the judgment overruling the motion for a new trial.

2. There was no issue made by the pleadings as to whether the conveyance from Caroline Cowart to Singletary was made as part of a usurious contract, nor was there any evidence to authorize a finding that she executed such conveyance under duress of which Singletary had knowledge. Therefore the assignments of error upon certain instructions to the jury, upon the ground that they excluded from their consideration the contentions of the defendants as to these matters, were not meritorious.

4. In several instances, instructions to the jury which were cor-

rect and pertinent were excepted to upon the ground that other instructions appropriate to the case were not given in the same connection. It has been frequently held that such exceptions are not well taken. No other assignments of error are of sufficient importance to be dealt with

*Judgment reversed. All the Justices concur.*