8766.  TRAVELERS PROTECTIVE ASSOCIATION *v.* BELOTE.

JENKINS, J.  1.  A policy of life or accident insurance, issued upon the faith of representations covenanted to be true by the applicant, and which constitute the basis of the issuance and terms of the contract, is void if such representations materially vary from the truth in such manner as to change the nature, extent, or character of the risk. *Supreme Conclave* v. *Wood,* 120 *Ga.* 328, 336 (47 S. E. 940).

2.  "Where soliciting and forwarding applications for policies of insurance was within the scope of the duties of an agent of an insurance com-

pany, and such agent undertook to prepare for another an application for insurance and wilfully inserted therein a false answer to a material question, he will be regarded in so doing as the agent of the company and not of the applicant, and the agent's knowledge of the falsity of the answer will be imputed to the company. Although, in such case, the application was, by its terms, a part of the contract of insurance, and was signed by the person to whom the policy was subsequently issued, if the latter was fraudulently misled and deceived by the agent as to the contents of the application in the respects indicated, and was in fact ignorant that it contained the false answer in question, the company. will not be allowed to avoid the policy on the ground of a false warranty in relation to that answer." *Clubb* v. *American Accident Co.,* 97 *Ga.* 502 (25 S. E. 333).

3. But where true answers are thus given by the insured and false answers entered, in order that the insurer shall be estopped from urging the falseness of the answers so returned, it must appear that such perversion of the facts was the work of one acting as the agent of the insurer in soliciting and forwarding applications.

4. The provision contained in the constitution of a fraternal benefit association, that "When application shall be made to the president and directors of any State division by at least twenty members in good standing in the national and State associations, whose permanent addresses are in any city or town in a State fully organized under the constitution and by-laws of the national association, they may grant a charter to organize a local post and deputize some member to properly organize said post and deliver the charter to the same to be governed by the following rules," etc., means that the officials of a State division of the association may delegate some member of the order to organize a "local post" in any town or city within its jurisdiction upon the application of not less than "twenty members *in good standing*" in the order, who are residents of such place, and the member so delegated in accordance with the provisions of the constitution represents the association itself in organizing such members into a "local post" and in delivering to it the charter; but under such provision the member delegated for such purpose is not empowered to represent the association in filling out, receiving, and forwarding applications for new members. If at the time such "local post" is organized an application to join the order is made by one who in fact knows that he is beyond the age for membership according to the constitution, and, without the knowledge of the applicant, the application is falsely filled out by such "delegated member" so as to make the age of the applicant come within the rules prescribed by the order, and is in due course forwarded, through the regular State secretary of the association to its proper head officials at national headquarters, by whom it is in good faith passed upon and accepted, the act of such "delegated member" in falsely filling out the application can not be taken as the act of the association, he not then acting within the scope of his duties and authority. The fact that the insurer, without knowledge of these facts, continued to recognize and treat such person as a regular member of the association

would not operate as a waiver or estoppel; nor could it be held that in so doing the insurer extended the authority of the person falsely filling out the application, by ratifying his unknown act.

5. The policy being void by reason of the materially false statement contained in the application, there could be no valid recovery thereon.

*Judgment reversed.* *Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 22, 1918.

Complaint; from city court of Valdosta—Judge Cranford. March 30, 1917.

*Woodward & Smith,* for plaintiff in error.

*E. K. Wilcox,* contra.