9679. WILKINS *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

JENKINS, J. 1. Where answers to questions in an application for life or accident insurance, which form the basis of the contract, are not prepared and entered for the applicant by the soliciting and forwarding agent of the insurer, but are made and entered by the applicant himself, who warrants them to be true, and where such application is attached to and made a part of the policy, any material variation as to any of such answers, whereby the nature or character or extent of the risk is changed, will avoid the policy, whether the statement was in good faith or was wilfully and fraudulently made. *Supreme Conclave v. Wood,* 120 *Ga.* 328 (47 S. E. 940).

2. (a) Under the act of August 17, 1906 (Ga. L. 1906, p. 107; Civil Code of 1910, § 2471), the application on which an insurance policy is based is not to be considered as a part of the insurance contract, unless a copy of the application is attached to or accompanies the policy; and this is true even though it be sought by the express terms of the policy itself to make such unattached application a part of the agreement. But while it is true that the representations as made in such an unattached application can not be treated as a part of the contract, and are not to be taken as covenants or warranties, still if such statements furnished the actual basis on which the policy was issued, and they were not only false but were also fraudulently made by the applicant acting for himself, the insurer may set up such facts as a means of avoiding the policy, not under and by virtue of the terms of the contract, but for the reason that the insurance is thus shown to have been fraudulently procured. *Johnson* v. *American Nat. Life Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731) ; *Bankers Health & Life Ins. Co.* v. *Murray,* 22 *Ga. App.* 495 (96 S. E. 347).

(b) Where, however, it appears that the soliciting and forwarding of applications for policies of insurance was within the scope of the

duties of an agent of an insurance company, and the agent himself prepared such unattached application, and in doing so fraudulently misled and deceived the applicant by inserting, without the latter's knowledge, false answers to material questions, knowledge of such fraud on the part of the agent will not be legally imputed to the insured, and the agent will be regarded as having acted for the company alone, and with its knowledge only; and this is true although such unattached application may have been actually signed by the insured, and though it be therein stated that the answers are warranted to be true. Such was the rule even when such unattached application could have been, and in fact was, legally made a part of the contract itself. Insurance Co. *v.* Wilkerson, 80 U. S. 222 (20 L. ed. 617); *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333); *Travelers Protective Association* v. *Belote*, 21 *Ga. App.* 610 (94 S. E. 834).

(c) But where, in conformity with the requirements of section 2471, supra, such application is actually attached to the policy of insurance, and by the terms of the contract is made a part thereof, the rule as to notice is otherwise, and the insured should not be permitted to claim under the contract, without being held to have had knowledge of the statements made in the application actually attached to and forming an integral part of the contract as delivered, accepted, and sued on. New York Life Ins. Co. *v.* Fletcher, 117 U. S. 519 (6 Sup. Ct. 837, 29 L. ed. 934 (4)); Wyss-Thalman *v.* Maryland Casualty Co., 193 Fed. 55 (13 C. C. A. 383); Lumber Underwriters *v.* Rife, 237 U. S. 605, 609 (35 Sup. Ct. 717, 59 L. ed. 1140); Maryland Casualty Co. *v.* Eddy, 239 Fed. 477, 152 C. C. A. 355). In a suit at law where it appears that the application was in fact attached to the policy sued on, and was by its terms made a part thereof, the mere fact that the plaintiff fails to include the application in the copy of the policy as attached to the suit would not alter the rule.

(d) Under the ruling made by the Supreme Court in *German American Life Asso.* v. *Farley*, 102 *Ga.* 720 (29 S. E. 615), mere constructive knowledge on the part of the applicant of the falsity of such warranted and material answers thus wilfully, knowingly, and fraudulently inserted by the agent will not of itself operate to avoid a policy which does not in terms provide that it shall be void in the event such statement of fact should prove to be untrue, and where it also appears that even if the statements thus wilfully and fraudulently entered by the agent were false, there was no actual fraudulent purpose and intent on the part of the applicant himself. What would be the rule in such a case if the policy in fact contained such a provision for its forfeiture as just indicated need not, under the facts of the instant case, be decided. See, in this connection, *Ætna Life Ins. Co.* v. *Conway*, 11 *Ga. App.* 557, 558, 560 (75 S. E. 915). But the rule just stated does not mean that the insured, with actual knowledge of the wilful fraud thus perpetrated by the agent upon his principal, could himself fraudulently connive and collude with such agent so as to claim the benefit of the latter's deception. *Faircloth* v. *Taylor*, 147 *Ga.* 787 (95 S. E. 689).

3. While questions as to the truth and materiality of representations are generally issues of fact, for determination by the jury, yet where all

the testimony relating to a question of fact excludes every reasonable inference but one, the issue becomes one of law, for determination by the court. *Mutual Life Ins. Co.* v. *Bolton,* 22 *Ga. App.* 566 (96 S. E. 422(2) ).

4. Under the rule obtaining in this State, "in an action on an insurance policy, the defense that the contract of insurance is void because obtained by fraud practiced on the insurer by the insured may be pleaded without repaying or offering to repay the premiums or any part thereof received by the insurer on the policy." *Columbian National Life Ins. Co.* v. *Mulkey,* 146·*Ga.* 267 (91 S. E. 106)·.

5. The instant case was a suit upon an insurance policy, to which policy the application was attached as ,a part of the policy. A verdict was directed for the defendant. The policy did not in terms provide that it should be void in the event the statements of facts contained in the application should prove to be untrue. It conclusively appears that a number of false answers to material questions were entered in the application. The plaintiff did not include a copy of the application with the copy of the policy attached to the declaration. According to the evidence of the plaintiff, the application was filled out by the soliciting and forwarding agent of the company, and when it was signed the false answers to the several material questions were not therein contained. They were, however, shown in the application actually attached to the policy as produced by the plaintiff and introduced in evidence by the defendant. According to the plaintiff's evidence, the agent of the company had knowledge at the time the policy was issued that the answers to some of the material questions entered in the application were false; but the evidence entirely fails to show such knowledge on the part of the agent as to the falsity of certain other material answers. *Held:* Under the principles of law set forth above, the judge did not err in directing a verdict for the defendant.

*Judgment .affirmed. Wade, C. J.; and Luke, J., concur.*

DECIDED JANUARY 14, 1919.

Action on insurance policy; from Floyd superior court—Judge Wright. February 15, 1918.

*W.· B. Mebane, M. B. Eubanks,* for plaintiff.

*· Maddox & Doyal,* for defendant.