*Gillon & Churchwell,* for plaintiff.

*R. D. Feagin,* for defendant.

---

16283. COUCH v. NATIONAL LIFE & ACCIDENT INSURANCE CO.

JENKINS, P. J. 1. Where a copy of the application is not attached to a policy of life-insurance, it does not form a part of the contract of insurance, and consequently the statements therein contained are not to be treated as warranties, and their falsity would not avoid the risk as a matter of contract. Civil Code (1910), § 2471.

2. Although the unattached application could not be admitted for the purpose of showing a breach of the contract, since it forms no part of the contract, still, where the defense is that the policy was fraudulently procured by reason of false and fraudulent representations material to the risk, the application is admissible, not as a part of the contract, and not for the purpose of showing that the policy was

void under the contract, but to show that it was fraudulently procured. *Johnson* v. *American National L. Ins. Co.*, 134 *Ga.* 800 (68 S. E. 731); *Southern Life Ins. Co.* v. *Logan*, 9 *Ga. App.* 503 (71 S. E. 742); *Bankers Health & L. Ins. Co.* v. *Murray*, 22 *Ga. App.* 495 (96 S. E. 347); *Life Ins. Co. of Virginia* v. *Pate*, 23 *Ga. App.* 232 (97 S. E. 874); *Metropolitan L. Ins. Co.* v. *Shaw*, 30 *Ga. App.* 97, 98 (117 S. E. 106). The only alleged error complained of being that the judge erred in thus admitting the application in evidence, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1925.

Certiorari; from Fulton superior court—Judge Humphries. November 17, 1924.

*Walden & Hixon,* for plaintiff.
*Hendrix & Buchanan,* for defendant.