19747.   NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY OF
TENNESSEE *v.* SNEED.

BROYLES, C. J.   1. "Where a copy of the application is not attached to a policy of life insurance, it does not form a part of the contract of insurance, and consequently the statements therein contained are not to be treated as warranties, and their falsity would not avoid the risk as a matter of contract. Civil Code (1910), § 2471." *Couch* v. *National Life & Accident Ins. Co.*, 34 *Ga. App.* 543 (130 S. E. 596).

2. "Where soliciting and forwarding applications for policies of insurance were within the scope of the duties of an agent of an insurance company, and such agent undertook to prepare for another an application for insurance and wilfully inserted therein a false answer to a material question, he will be regarded in so doing as the agent of the company and not of the applicant, and the agent's knowledge of the falsity of the answer will be imputed to the company. Although, in such case, the application was, by its terms, a part of the contract of insurance, and was signed by the person to whom the policy was subsequently issued, if the latter was fraudulently misled and deceived by the agent as to the contents of the application in the respect indicated, and was in fact ignorant that it contained the false answer in question, the company will not be allowed to avoid the policy on the ground of a

false warranty in relation to that answer." *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (1, 2) (25 S. E. 333).

3. "If, before or at the time of execution of the contract of insurance, the insurance company's agent who procured the contract had notice that the assured was not in good health, but on the contrary was suffering from an incurable disease, and nevertheless the policy was issued and delivered, and the premium accepted thereon, the insurer will be presumed to have waived a condition avoiding the policy in the event of ill health of the assured at the time of its delivery, and will be estopped from setting up that provision of the policy in defense to an action upon the contract of insurance." *Rome Ins. Co.* v. *Thomas*, 11 *Ga. App.* 539 (4), 545, 546 (75 S. E. 894), and cit.

4. Under the above-stated rulings and the facts of the instant case, the demurrers to the amended petition were properly overruled, and the verdict in favor of the plaintiff was authorized. This ruling is not in conflict with the decision in *New York Life Ins. Co.* v. *Patten*, 151 *Ga.* 185 (106 S. E. 183), or with the rulings in the other cases cited by the plaintiff in error. In the *Patten* case the application for insurance contained the following stipulation: "I agree . . that only the president, a vice-president, a second vice-president, a secretary, or the treasurer of the company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, *and that none of these acts can be done by the agent taking the application.*" (Italics ours.) In the instant case the application for insurance (no copy of which was attached to the policy of insurance, see paragraph 1 above) contained no such express limitations upon the power of the company's agent who solicited and delivered the policy, and the decision in the *Patten* case is expressly based upon the fact of such limitations in that case.        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 9, 1929.

*S. B. Lippitt,* for plaintiff in error.
*George L. Sabados,* contra.