20976.   ÆTNA INSURANCE COMPANY *v.* FOSTER.

Decided June 15, 1931.  Rehearing denied August 27, 1931.

*Spalding, MacDougald & Sibley, J. A. McFarland, Estes Doremus,* for plaintiff in error.

*Rosser & Shaw, McClure & McClure, T. G. Head,* contra.

Bell, J.  Thenia Foster recovered a verdict against Ætna Insurance Company on a policy of fire-insurance, and the defendant excepted to the overruling of its motion for a new trial.  The subject of the insurance was a dwelling house insured at $800 and furniture and other household goods insured at $400.  The verdict was for the amount of the policy. · Only two questions are raised for decision in this court: first, whether the plaintiff had an insurable interest in the dwelling house, and, second, whether the court adequately instructed the jury as to the defense that the plaintiff had made a fraudulent statement of ownership in the application for the policy.  The policy itself was destroyed with the other property by the fire, and none of its special provisions were introduced in evidence; but the defendant admitted that the policy was issued as alleged and was of force at the time of the fire.  It appeared without dispute that the plaintiff did not own the dwelling house, but that the title was in her husband.  The evidence further showed, however, that her husband had deserted her several years before the issuance of the policy, and that by such desertion she was left in the exclusive possession and control of the house, and continuously thereafter occupied it as a home, paying the taxes thereon and removing with her own funds a mortgage or mortgages which her husband had placed against it.  The application for the policy was signed by the plaintiff and contained the following question and answer: "Is your title by warranty deed?  Yes."  In the brief of counsel for the defendant insurance company it is said that the application contained also the following stipulations: "The statements given herein are my own, and I agree you have a correct description of the

property on which indemnity is asked, and I hereby agree that insurance shall be predicated upon such statements, agreement and description, that this application is approved, and that the same shall be deemed and taken to be promissory warranties running during the entire life of said policy. . . This company shall not be bound by any act done, or statement made, by or to any agent or other persons, which is not contained in this, my application." The copy of the application as it appears in the brief of evidence does not include this statement, and there is seeming error somewhere. But, in our view of the case, any mistake or omission in regard to this matter is immaterial, since, to treat the application as containing the clause stated, the result to the defendant will be the same, so far as the present cause is concerned. The application was not attached to or made a part of the policy, but was introduced in evidence on the issue of fraud. The plaintiff testified that she fully informed the defendant's agent as to the nature of her interest in the property at the time of giving the application, telling him that the title was in her husband, and that the agent said "it was all right" and that she "ought to take out insurance on it."

The admission of certain testimony over objection is excepted to in a special ground, numbered 3, in the amendment to the motion for new trial, but this ground is not insisted upon by counsel for the defendant, and is treated as abandoned.

The court charged the jury that "failure to state a material fact, if not done fraudulently, does not void, but the wilful concealment of such a fact, which would enhance the risk, will void the policy." The defendant excepts to this charge upon the grounds only: (a) that it did not fully "state the contentions contained in the amendment of the defendant, as heretofore quoted in ground 3 of this amended motion for a new trial;" (b) that the defendant "was entitled to a full and concise charge by the court on the amendment heretofore referred to, and that the failure of the court to so charge was hurtful, harmful and prejudicial to said defendant; for the reason that the issues as raised by the pleadings were not fully stated to the jury;" and (c) "that the failure of the court to charge on the issues, as made by the pleadings, was hurtful, harmful and prejudicial to movant for the reason that the jury did not have before it the real issues made by the pleadings."

■ There is no merit in the contention that the plaintiff did not have an insurable interest in the dwelling house. The Code declares that "a slight or contingent interest is sufficient, whether legal or equitable." Civil Code (1910), § 2472. In *Fenn* v. *New Orleans Mutual Insurance Co.,* 53 *Ga.* 578, 579, the Supreme Court said: "If the plaintiff had some interest in any or all of the property insured, although that interest may have been slight or contingent, legal or equitable, and that interest was fairly represented and made known to the defendant, or its agent, at the time the contract of insurance was made, it is sufficient to sustain the contract, and to entitle the plaintiff to recover in case of loss." In *New Jersey Ins. Co.* v. *Rowell,* 157 *Ga.* 360 (121 S. E. 414), it was said that it is enough if the assured holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him.

In *German Ins. Co.* v. *Hyman,* 34 Neb. 704 (52 N. W. 401), the court defined an insurable interest as follows: "An interest, to be insurable, does not depend necessarily upon the ownership of the property. It may be a special or limited interest disconnected from any title, lien, or possession. If the holder of an interest in property will suffer loss by its destruction, he may indemnify himself therefrom by a contract of insurance. If, by the loss, the holder of the interest is deprived of the possession, enjoyment, or profit of the property, or a security or lien arising thereon, or other certain benefits growing out of or depending upon it, he has an insurable interest." In *Williams* v. Insurance Co., 107 Mass. 377 (9 Am. R. 41), it was said: "It is now well established that even one who has no title, legal or equitable, in the property, and no present possession or right of possession thereof, yet has an insurable interest therein, if he will derive benefit from its continuing to exist, or will suffer loss by its destruction." Both of the above statements were quoted with approval by our own Supreme Court in *Pike* v. *American Alliance Ins. Co.,* 160 *Ga.* 755 (129 S. E. 53).

We accordingly hold that where a married woman is deserted by her husband, and by such desertion is left in the exclusive possession and control of the dwelling house in which they previously lived together, and the wife continues thereafter to occupy the house as her home, paying the taxes thereon, and removing with

her own funds a mortgage which her husband had placed against it, the wife has such an interest in the property that she would derive a benefit from its continuing to exist, and would suffer loss by its destruction, and thus has an insurable interest therein, notwithstanding the legal title to the property may be in the husband. A verdict for the defendant as to the insurance upon the dwelling house was not demanded as a matter of law upon the ground that the plaintiff had no insurable interest in the property.

The defendant has made no contention that the plaintiff's recovery should have been limited to the value of her interest, and we express no opinion as to this question. See *New Jersey Ins. Co.* v. *Rowell,* 33 *Ga. App.* 552 (2 *d*) (126 S. E. 892). The present case is distinguished from such cases as *Fox* v. *Queen Ins. Co.,* 124 *Ga.* 948 (53 S. E. 271), in which it is stated that in order for a policy of insurance to be valid when issued to the husband upon the separate property of his wife, the contract must have been made by the husband in his representative capacity, and not as an individual. In the present case the plaintiff's interest in the property did not depend upon the mere conjugal relation between her and the holder of the legal title.

■ Since the passage of the act of August 17, 1906 (Ga. L. 1906, p. 107, Civil Code of 1910, § 2471), where a copy of the application is not attached to a policy of fire-insurance, the application does not form a part of the contract, "and consequently the statements therein contained are not to be treated as warranties, and their falsity would not avoid the risk as a matter of contract." *Couch* v. *National Life &c. Co.,* 34 *Ga. App.* 543 (130 S. E. 596). But, in order to defeat liability in such case, it is necessary to show that the material statements or representations contained in the application were not only false, but were made with an intent to defraud. *Interstate Life &c. Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804), and cit.

Counsel for the defendant do not insist that the evidence absolutely demanded a finding that the plaintiff was guilty of fraud, in stating that she held the title to the property by warranty deed, but they apparently concede that the evidence was sufficient to support the verdict in the plaintiff's favor as to that issue. Nor do counsel controvert the correctness of the legal propositions which we have just stated in this connection. The sole complaint

in relation to the question of fraud is that the court inadequately instructed the jury as to the principles of law applicable thereto.

The court charged the jury that "failure to state a material fact, if not done fraudulently, does not void, but the wilful concealment of such a fact, which would enhance the risk, will void the policy." This was a complete and accurate statement of law, and there is no contention that it was not pertinent. Civil Code (1910), § 2481. It was therefore not a valid ground of exception that the court did not give to the jury some other instruction which would have been appropriate in connection therewith. *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548), and cit. Again, the exception was too general to present any question for decision, without a more definite statement of the contentions or principles upon which it is claimed the jury should have been instructed. *Yarbrough* v. *Stuckey,* 39 *Ga. App.* 265 (5), 270 (147 S. E. 160). The judgment refusing a new trial was not erroneous for any reason assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*