111 Ga. App. 535 (1965)
142 S.E.2d 291
SMITH
v.
AGAN, Executrix.
41177.
Court of Appeals of Georgia.
Argued March 2, 1965.
Decided April 6, 1965.
Earl B. Self, Robert Edward Surles, for plaintiff in error.
Cook & Palmour, Rogers, Magruder & Hoyt, contra.
PANNELL, Judge.
1. The often announced rule that one having the capacity and opportunity to read a written contract and who signs it, not under any emergency, and whose signature is not obtained by any trick or artifice of the other party, but solely on the representations of the other party as to its contents, cannot afterwards set up fraud in the procurement of *536 the signature of the instrument, Truitt-Silvey Hat Co. v. Callaway & Truitt, 130 Ga. 637 (61 SE 481), Lewis v. Foy, 189 Ga. 596 (6 SE2d 788), is but another statement of the rule that one cannot claim to be defrauded by the false representations of another, where, by the exercise of ordinary diligence, such person could have discovered the falsity of the representations before acting thereon; and, while there is a wide difference between that class of cases in which one can read and those where one, from illiteracy or ignorance, is unable to read the writing he is induced to sign, and has to rely upon the representations made by the draftsman, Lee v. Loveland, 43 Ga. App. 5 (2b) (157 SE 707) to the extent that one who cannot read "may, ordinarily, rely upon the representation of the other party as to what the instrument is, or as to what it contained; and his mere failure to request the other party, or someone else, to read it to him will not generally be such negligence as will make the instrument binding upon him," Grimsley v. Singletary, 133 Ga. 56, 58, (65 SE 92), 134 ASR 196; Pirkle v. Gurr, 218 Ga. 424 (128 SE2d 490), Mutual Savings Life Ins. Co. v. Hines, 96 Ga. App. 442 (100 SE2d 466), cp. Southern Fertilizer &c. Co. v. Carter, 21 Ga. App. 282 (1) (94 SE 310); yet, one not having the capacity to read a written contract is not relieved from his obligation of exercising ordinary diligence, Robertson v. Panlos, 208 Ga. 116, 119 (65 SE2d 400), to ascertain the contents of the writing, where, as in the present case, there are no representations made as to its contents, but only a representation as to why the signature on the instrument is desired and such reason is true and is not inconsistent with the actual contents and purpose of the instrument, and the party dealing with such person does not know that he cannot read, and such person, before signing, looks at the instrument as if reading the same and does not inquire as to its contents. Robertson v. Panlos, 208 Ga. 116, supra.
2. Where, as in the present case, an agreement of accord and satisfaction of a claim for damages is entered into between the parties in the form of a release signed by the plaintiff claimant and reciting a cash consideration to the claimant, and such signed release is delivered to the other party with no demand for the cash or for immediate payment, and later a check in payment is received by the claimant and the claimant attempts to return the check and refuse the same *537 solely on the ground that his signature to the same was obtained by fraud, and under the undisputed facts there was no fraud in procuring his signature to the release, the refusal to accept the check in payment on that ground alone was a waiver of the time of payment and the medium of payment. Code § 20-1105; McEachern v. Industrial Life &c. Ins. Co., 51 Ga. App. 422 (180 SE 625); 17A CJS 683, 686, §§ 483, 487.
3. The trial judge did not err in granting the defendant's motion for summary judgment upon the grounds indicated above, and it is unnecessary to determine whether his ruling was correct upon any other grounds of the motion.
Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.