### 41927.   BEALE v. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

JORDAN, Judge.   This is an appeal from the judgment of the trial court directing a verdict for the defendant insurance company in an action brought by the plaintiff beneficiary on a policy of life insurance issued to her husband.   The evidence adduced on the trial demanded a finding that the insured made certain material misrepresentations concerning his health in the application for insurance which was attached to and made a part of the policy which would void the policy unless, as contended by the plaintiff, the insurance company was estopped to rely on this defense.   The plaintiff testified that her husband at the time of making application for the insurance informed the defendant's agent as to the true state of his health, specifically telling the agent that he had Hodgkin's disease and was uninsurable; and assuming for the sake of argument only that this testimony was uncontradicted, the sole question for determination here is whether or not such knowledge on the part of the defendant's agent could be imputed to the defendant insurance company so as to estop it from claiming the defense of material misrepresentation. *Held:*
The application for insurance contained the following provision: "With the exception of officers of the Company, notice to or knowledge of the agent, medical examiner or any other person is not notice to or knowledge of the Company unless stated in this application, including Part B or supplemental Part B hereof if a medical examination is required, and none of such

persons are authorized to accept risks or pass upon insurability, nor shall any of such persons have the power on behalf of the Company to make or modify any contract of the Company or to waive any of the Company's right or requirements." In view of this express limitation on the authority of the agent contained in the application for insurance, the knowledge of its agent would not be imputable to the defendant insurance company and would not constitute a waiver by or estoppel against the insurer of the defense of material misrepresentation. *New York Life Ins. Co. v. Patten*, 151 Ga. 185 (106 SE 183); *Reliance Life Ins. Co. v. Hightower*, 148 Ga. 843, 845 (98 SE 469); *National Acc. &c. Ins. Co. v. Davis*, 179 Ga. 595 (176 SE 387); *National Life &c. Ins. Co. v. Hullender*, 86 Ga. App. 438 (71 SE2d 754). The evidence demanded a verdict for the defendant and the judgment appealed from is not erroneous for any reasons enumerated.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED APRIL 4, 1966—DECIDED APRIL 20, 1966.

*Strickland & Morgan, Charles D. Strickland*, for appellant.

*W. L. Preston, Erwin, Birchmore & Epting, Eugene A. Epting*, for appellee.