44793.   RESERVE LIFE INSURANCE COMPANY v.
MEEKS.

SUBMITTED OCTOBER 7, 1969—DECIDED MARCH 20, 1970—
REHEARING DENIED APRIL 3, 1970—

*Spivey & Carlton, Milton A. Carlton,* for appellant.

*L. H. Hilton,* for appellee.

Deen, Judge. ■ The general rule, as recently reiterated in *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582, is that the knowledge of the agent being the knowledge of the principal, the insurer is estopped to void the policy because of misrepresentations in the application attached thereto where the agent, whose knowledge is attributable to the principal, was apprised of the true facts. Where, however, there is a limitation in the application on the authority of the agent sufficient to put the applicant on notice that the insurer will not be bound by the agent's knowledge in the absence of actual communication thereof, such limitation of authority may prevent an estoppel from arising. It is obvious, however, that if the applicant is illiterate or blind or suffering from like disability, the mere fact that such limitation on the authority of the agent is written in the application will not presumptively put him on notice of its existence. Must he then procure some third person to read the application for him or be denied the right to contend that the agent fraudulently inserted wrong answers which the applicant could not read because the application also contained a limitation of the agent's authority which he also could not read?

"The powers of the agent are, prima facie, coextensive with

the business intrusted to his care and will not be narrowed by limitations not communicated to the person with whom he deals." *Clubb v. American Acc. Co.*, 97 Ga. 502, 513 (25 SE 333). Where the applicant can read, it can be presumed that he knows of the limitation of authority nothing else appearing; this presumption does not obtain where he is blind, illiterate, etc. *West v. Carolina Housing &c. Corp.*, 211 Ga. 789 (89 SE2d 188) (requiring that an illiterate person obtain somebody else to read the document being executed) was overruled in *Pirkle v. Gurr*, 218 Ga. 424, 427 (128 SE2d 490). *National Acc. &c. Ins. Co. v. Davis*, 179 Ga. 595 (176 SE 387), holding that where an application containing false answers inserted by an agent was signed not "by reason of some misleading artifice," the limitation of authority in the application would prevent an estoppel, was overruled in *Stillson v. Prudential Ins. Co. of America*, 202 Ga. 79, 82 (42 SE2d 121), where the court said *Clubb* must be followed. *Curry v. Washington Nat. Ins. Co.*, 54 Ga. App. 590 (188 SE 741) was similar in its facts to and followed the decision in *Nat. Acc. &c. Ins. Co. v. Davis*, supra, and cannot be followed here since it is in the same category with that disapproved case. The *Stillson* decision was not based on fraud of the agent, but on the fact that the applicant had a right to rely on the agent to put down what he told him. *Tallent v. Safeco Ins. Co. of America*, 99 Ga. App. 11, 13 (107 SE2d 331); *National Life &c. Ins. Co. v. Goolsby*, 91 Ga. App. 361, 365 (85 SE2d 611); *Barber v. All American Assur. Co.*, 89 Ga. App. 270, 276 (79 SE2d 48).

*Clubb* and the other above cited cases clearly show that even though there is a limitation of authority on the agent's power, in the application it must be communicated to the applicant where the agent fills in the false answers. We may presume this, nothing else appearing, where the applicant is literate, can see, and signed the policy, etc. But if he is handicapped in this respect, the burden is on the defendant to show that the limitation of authority was communicated to the applicant or that he otherwise knew of it.

These are jury questions. The evidence was in sharp conflict as to whether the insured or the insurer's agent was responsible

for the false information in the application, but the jury decided these issues in favor of the plaintiff. The general grounds of the motion for new trial are without merit.

■ The defendant objected to the charge as given because it did not contain the following: "If a person cannot read the instrument, it is as much his duty to procure some reliable person to read and explain it to him before he signs it as it would be to read it before he signed it, if he were able to do so. And his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." Such an instruction is tantamount to directing a verdict in favor of the defendant, should the jury believe the plaintiff's evidence that she could not read, and would be erroneous for this reason. Secondly, it is not the law. "Where, however, one who can not read is induced to sign an instrument by the misrepresentations of the other party as to its character or contents, he is not bound thereby. He may, ordinarily, rely upon the representation of the other party as to what the instrument is or as to what it contains; and his mere failure to request the other party, or someone else, to read it to him will not generally be such negligence as will make the instrument binding upon him." *Grimsley v. Singletary*, 133 Ga. 56, 58 (65 SE 92, 134 ASR 196); *Pirkle v. Gurr*, 218 Ga. 424, 426, supra. Thirdly, the charge actually given by the court as follows: "One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice, is chargeable with knowledge of its contents" is even broader and more favorable to the defendant that the charge requested, since it would apply to the plaintiff whether she was illiterate or not. This enumeration of error is without merit.

The plaintiff appellee, in replying to the portion of appellant's brief dealing with this objection to the charge, says that "our contention is that the defendant is estopped to deny liability on account of the fraudulent misconduct of its agent in preparing the application . . . . the question of literacy or illiteracy is not involved." We do not take this to be an admission by the appellee that the appellant's enumeration of error on the charge

has merit, but rather as a contention that the defendant is estopped whether the plaintiff was literate or not. The burden of proving error is, of course, on the appellant and it is the appellant here who is urging the applicability of the issue of illiteracy. Since the appellant has not carried the burden of showing error, the question of waiver by the appellee, if any, is not involved.

*Judgment affirmed. Bell, C. J., Pannell, Whitman, and Evans, JJ., concur. Jordan, P. J., Hall, P. J., Eberhardt and Quillian, JJ., dissent.*

JORDAN, Presiding Judge, dissenting. 1. The following facts appear to be undisputed: (1) The applications contained a false answer; (2) The false answer related to a fact material to the risk; (3) The applications or a copy thereof are attached to and made a part of the policies; (4) The applications contained a limitation on the authority of the agent to waive answers or modify the application; (5) The applications were signed by the applicant, plaintiff-appellee here.

Under this factual situation, the trial court erred in overruling the appellant's motion for new trial on the general grounds, even though the plaintiff testified that she did not know what the applications said because she could not read and could write only a little, and that the questions which she remembered being asked, or heard asked, related only to her birth date, height and weight.

An insurer, by express provision in the application, may limit the power of a soliciting agent and the applicant is bound by such notice of limitation of authority. *Beale v. Life & Cas. Ins. Co. of Tenn.*, 113 Ga. App. 506 (148 SE2d 474). In such event, knowledge of the agent (of a material misrepresentation) would not be imputable to the company. *New York Life Ins. Co. v. Patten*, 151 Ga. 185 (106 SE 183); and *Prudential Insurance Co. of America v. Perry*, 121 Ga. App. post. See *Lucas v. Continental Cas. Co.*, 120 Ga. App. 457 (170 SE2d 856), especially the concurring opinion of Judge Eberhardt and the opinion of Judge Deen in *Allstate Ins. Co. v. Anderson*, 121 Ga. App. 582, for a discussion of cases dealing with the situation existing here.

There is no contention here, or evidence, that any fraud was practiced upon the applicant in order to keep her from knowing the contents of the documents which she signed, such as existed in *Stillson v. Prudential Ins. Co.*, 202 Ga. 79, cited and relied upon in the majority opinion. As to applicant's limited capacity to read and write, see *Grimsley v. Singletary*, 133 Ga. 56 (65 SE 92, 134 ASR 196); *Lewis v. Foy*, 189 Ga. 596, 598 (6 SE2d 788); *Robertson v. Panlos*, 208 Ga. 116, 119 (65 SE2d 400); *West v. Carolina Housing &c. Corp.* 211 Ga. 789 (89 SE2d 188); *Martin v. Alford*, 214 Ga. 4, 7 (102 SE2d 598); *DeLong v. Cobb*, 215 Ga. 500, 504 (111 SE2d 89); *Pirkle v. Gurr*, 218 Ga. 424 (128 SE2d 490); and *Smith v. Agan*, 111 Ga. App. 536 (142 SE2d 291).

Nothing in this record would justify a conclusion that the agent knew that the applicant was illiterate, or that there was anything to put the agent on notice of it. See *Slaughter v. Heath*, 127 Ga. 747, 759 (57 SE 69, 27 LRA (NS) 1). When the answers had been inserted the applicant signed without in any way indicating that she could not read.

However, it is noted from appellee's brief that the plaintiff was not relying on her illiteracy. Her brief states, "The question of literacy or illiteracy is not involved in this case."

The cases cited and relied upon by the majority are inapposite here. In *Clubb v. American Acc. Co.*, 97 Ga. 502 (25 SE 333) the insured pleaded and testified that the alleged false answer in the application (that he was a contractor by trade, when in truth he was a farmer) was *inserted after he signed it*, and that he had no means of knowing what had been inserted until after the accident which was the basis of his claim under the policy. In *Stillson v. Prudential Ins. Co.*, 202 Ga. 79, supra, a somewhat similar fraud was practiced upon the applicant. Although the false answers were inserted before the applicant signed the application, he was prevented from knowing about them when the *agent covered them with his hand* and made it impossible for the applicant to read them. In *Barber v. All American Assur. Co.*, 89 Ga. App. 270, 276 (79 SE2d 48) it is asserted in the opinion that "there was *no limitation on the authority* of the agent in the applications in this case, which fact makes this

case much stronger for the beneficiary than was the *Stillson* case." (Emphasis supplied). Further, the case of *National Life &c. Ins. Co. of Tenn. v. Sneed,* 40 Ga. App. 131 (149 SE 68) is cited as authority for the holding in *Barber,* and in that case the court asserted: "In the instant case the application for insurance (no copy of which was attached to the policy. of insurance. . .) contained no such express limitations upon the power of the company's agent who solicited and delivered the policy, and the decision in the *Patten* case [151 Ga. 185, 106 SE 183] is expressly based upon the fact of such limitations in that case." Hn. 4. In *National Life &c. Ins. Co. v. Goolsby,* 91 Ga. App. 361, 365 (85 SE2d 611) it was asserted: "However, the present case is stronger for the plaintiff than either the *Stillson* or *Barber* cases, in that here the *application was not attached* to the policy and so did not become a matter of contract between the parties, and also because it affirmatively appears that the applicant did not read the application after it was written, but, when it was offered to her, merely *handed it back with the comment that she did not understand it."* (Emphasis supplied). It was thus an invitation for an explanation, which was not forthcoming.

Each of the cases is distinguishable on the facts.

"[T]he application on which an insurance policy is based is not to be considered as a part of the insurance contract, unless a copy of the application is attached to or accompanies the policy; and this is true though it be sought by the express terms of the policy itself to make such unattached application a part of the agreement. *Bankers Health & Life Ins. Co. v. Murray,* 22 Ga. App. 495 (96 SE 347); *Wilkins v. National Life & Acc. Ins. Co.,* 23 Ga. App. 191 (97 SE 879); *Interstate Life & Acc. Ins. Co. v. Bess,* 35 Ga. App. 723 (134 SE 804), and cit.; *Couch v. National Life & Acc. Ins. Co.,* 34 Ga. App. 543 (130 SE 596); *Aetna Life Ins. Co. v. Foster,* 43 Ga. App. 658, 662 (159 SE 882); *Johnson v. American &c. Ins. Co.,* 134 Ga. 800 (68 SE 731)." *Mutual Benefit Health &c. Assn. v. Bell,* 49 Ga. App. 640, 643 (176 SE 124).

But when the application contains a limitation of authority on the powers of the agent and, as here, is attached to the policy,

it becomes a part of the contract and a showing of materiality and falsity is all that is required for avoiding it. *Jefferson Standard Life Ins. Co. v. Henderson,* 37 Ga. App. 704, 706 (141 SE 498); *Preston v. National Life &c. Ins. Co.,* 196 Ga. 217 (26 SE2d 439, 148 ALR 897); *National Life &c. Ins. Co. v. Gordon,* 183 Ga. 577 (188 SE 894).

There can be no question of the falsity or of the materiality of the false answers in this application.

■ If, as appellee's brief contends, the question of literacy is not involved in this case, there should be a reversal and judgment for the defendant on the basis of what is said in Division 1. If in fact there is a question as to whether or not the plaintiff was an illiterate person, then the court erred in failing to charge upon request that an illiterate person must exercise proper diligence to ascertain the contents of an instrument prior to signing it. If the plaintiff was relying on the fact of illiteracy, the defendant insurance company was entitled to this charge, request having been timely made, and exception noted upon the failure of the trial court to so charge (*Robertson v. Panlos,* 208 Ga. 116, supra; *Smith v. Agan,* 111 Ga. App. 536, supra), and this would be reversible error.

I would reverse with direction that judgment be entered in favor of the defendant Reserve Life Insurance Company.

I am authorized to state that Presiding Judge Hall and Judges Eberhardt and Quillian concur in this dissent.