71208. JONES v. UNITED INSURANCE COMPANY OF AMERICA.
(338 SE2d 532)

DEEN, Presiding Judge.

Betty Jones brought an action against United Insurance Company of America as the beneficiary of a $5,000 life insurance policy issued to Odell Cowart on November 30, 1983, alleging that the company refused to pay the face amount of the policy to her after Cowart's death on March 10, 1984. In its answer, the company admitted that it refused to pay the death benefit, but contended it complied with all of its obligations to her by refunding $105 to her which represented the amount of the premium paid for the policy. The company defended its actions by contending that the application for insurance contained misrepresentations, omissions and incorrect statements as to Cowart's medical history and drinking habits which were material to its acceptance of the risk and, had the true facts been known, it would not have issued the policy. Jones brings this appeal from the trial court's order granting summary judgment in favor of the insurance company. *Held*:

Jones claims that the insurance agent who sold the policy was well aware of Cowart's drinking habits and medical history, but entered Cowart's negative answers to the medical questions on the application in spite of this knowledge. In his deposition, the agent admitted knowing that Cowart drank, but denied knowing that he was

an alcoholic or that he had been hospitalized several times for his drinking problem. The agent admits that he checked the "no" box for all of the numerous health questions contained in the application after asking Cowart the questions and receiving a negative response. The questions included queries as to whether or not the applicant had been hospitalized or treated by a doctor in the last five years and whether or not he had been treated for alcoholism or drug abuse within the last ten years. After the agent completed the application, Cowart signed it. The agent further testified that he knew Cowart for approximately two years prior to taking the application as he had previously written a policy on the applicant which lapsed for nonpayment of premiums; that he was aware Cowart resided in the camper bed of a pickup truck which was parked on the premises of a service station; and that Cowart drank. He denied knowing of the applicant's hospitalizations for his drinking problem or that Cowart was an alcoholic. In Betty Jones' affidavit, she states that the agent observed Cowart in a drunken condition and commented to bystanders about Cowart's condition on numerous occasions prior to November 30, 1983, and that she had informed the agent on at least one occasion within two years prior to Cowart's application for insurance that Cowart was in the Veteran's Administration Hospital in Dublin "drying out from a bad drunk." The insurance application does not contain a limitation on the authority of the agent to waive the provisions of the policy.

On a motion for summary judgment, the movant has the burden of proving that there is no genuine issue of material fact and of negating at least one of the essential elements of the other party's case. "[T]he party opposing the motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case." *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38) (1983).

Even though a material misrepresentation such as the one in the instant case is sufficient to void the policy under OCGA § 33-23-7, there is a general rule that if an insured makes a false statement on an application and the company's agent has actual knowledge that the statement is false, the agent's knowledge is imputed to the insurer, and the insurer is thereafter estopped from urging this defense. *Reserve Life Ins. Co. v. Bearden*, 96 Ga. App. 549 (101 SE2d 120) (1957). A limitation on the authority of the agent to waive the provisions of the contract which is contained in the application, however, renders the efforts of an agent to waive any provision ineffective. *New York Life Ins. Co. v. Patten*, 151 Ga. 185 (106 SE 183) (1920); *Reserve Life Ins. Co. v. Bearden*, supra; *Allstate Ins. Co. v. Anderson*, 121 Ga. App. 582 (174 SE2d 591) (1970). See also *Reserve Life Ins. Co. v. Meeks*, 121 Ga. App. 592 (174 SE2d 585) (1970); *Chester v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 599 (174 SE2d 582) (1970).

In the instant case, the application did not contain a provision limiting the agent's authority to waive provisions in the policy. We therefore find that the agent's authority to waive conditions in the contract was not limited, and if a jury finds that the agent had actual knowledge of the applicant's false statements, the insurer would be estopped from asserting this defense. Accordingly, we must reverse the grant of summary judgment in favor of the insurance company.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985.

*John T. Croley, Jr., C. Scott Logan*, for appellant.
*Gregory C. Sowell*, for appellee.