PHILLIPS, administrator, *v.* NEW YORK LIFE IN-
SURANCE COMPANY.

No. 8223.    JULY 20, 1931.

*B. P. Jackson,* for plaintiff in error.
*A. S. Bradley* and *A. S. Bradley Jr.,* contra.

BECK, P. J.    New York Life Insurance Company brought its petition against C. P. Phillips, administrator of the estate of Ethon L. Williamson, for cancellation of a policy of insurance upon the life of the intestate.    The defendant filed an answer and cross-petition, wherein he prayed for a judgment against the plaintiff for the amount of insurance provided in the policy in question.    At the conclusion of the hearing upon the pleadings and evidence submitted, the court directed a verdict for the insurance company, and the defendant excepted.

It appears from the allegations in the petition that on September 23, 1926, the company issued to the defendant's intestate a policy of insurance on the life of the latter in the sum of $2500.    The policy remained in force for one year, when the assured, being unable to pay the premium, signed a premium note and paid to the insurance company a certain amount of cash as consideration of the acceptance of the premium note.    The note contained a provision that it was not enforceable as against the assured and was un-

collectible after maturity, and could not become a charge against him. Upon maturity of such premium note, on April 23, 1928, the same was not paid, but the insurance company received a letter from the assured requesting that the payment of the premium note be postponed until October, 1928. This request was not granted, but on the same day the company forwarded to the assured a counter-proposition, in which it was suggested that the assured execute another premium note due July 23, 1928, and also pay a small stipulated sum to the company along with the delivery of such note. The assured was also notified that April 23, 1928, was the last day of grace allowed under the policy. This offer of the company was not accepted by the assured, but he made application for reinstatement of his policy, and this application was submitted on May 7, 1928. The application for reinstatement contained, among other things, the statement that the assured was not at that time affected by any disease and had not within two years previously thereto consulted or been treated by any physician for any disease of any kind. The application contained also a certificate that the answers to the questions propounded therein were true and correct and that the company might rely upon them. Upon this application the assured obtained a reinstatement of the policy. Twelve days later, that is, on May 19, 1928, the assured died from an operation for dilatation and cutting of an urethral stricture.

Under the facts of this case, the contention of the insurance company that the policy of insurance in question lapsed for non-payment of the premium, according to the contract and the note for premium given, is sound. Recognizing that the premium would lapse upon the maturity of the premium note on April 23, 1928, if the premium should not be paid on that date, taking into consideration the days of grace allowable under the contract, the assured wrote a letter to the insurance company requesting that the payment of the premium note be deferred until October, 1928. As stated above, this request was not granted by the company, but on the same day the company wrote to the assured a counter-proposition of the settlement of the premium note. This counter-proposition was not accepted by the assured. It was merely an offer, and it was not binding unless accepted according to the terms of the offer. The minds of the parties never met. They did not agree upon anything that would prevent the lapse of the policy. The

assured himself must have recognized that the policy had lapsed, and it was for this reason that he made an application for its reinstatement. There was never any demand for payment of the premium note made after its maturity, nor was any effort made to enforce collection of it; and therefore the case does not fall within the principle laid down in certain decisions referred to by the plaintiff in error, where it was held that the attempted collection of a premium note after the maker of the note had defaulted in payment should be deemed a waiver of the right of forfeiture under the policy. The law does not favor forfeitures; and in cases of ambiguity contained in policies of insurance, the ambiguous provisions are, as a rule, construed in favor of the assured. But here the contract of insurance is clear, and the case falls within the principle that "Where a provision in such a contract is clear and unambiguous, if it is within the law, it will be enforced as it is written; but where it is capable of being construed in two ways, that interpretation which is most favorable to the insured will always be placed upon it." *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296, 302 (91 S. E. 428) ; *Northwestern Mutual L. Ins. Co.* v. *Ross,* 63 *Ga.* 199.

Under what has been said, there is only one further question left to be decided in passing upon whether or not the court erred in directing a verdict for the plaintiff. The contract of insurance had lapsed and become void, as pointed out above. The reissuance or renewal of the policy upon the application for reinstatement was optional with the company. The application for reinstatement contained the following questions and answers : "1. Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this policy was issued ? (If not, give details.) Ans. Yes. 2. Within the past two years have you had any illness, diseases, or bodily injuries, or have you consulted or been treated by any physician or physicians ? (If so, give full details, including nature, date, and duration of each illness, disease, or injury, the name of each physician, and the dates of and reasons for consultation or treatment.) Ans. No. 3. Has any company or insurer, within the past 24 months, examined you either on, or in anticipation of, an application for life insurance, or for the reinstatement of life insurance, without issuing or reinstating such insurance ?. (If so, give name of each company or insurer.) "

Now the question is, were the misrepresentations of the assured wilful, and were they so material as to work a forfeiture of the policy? That his answer to the second question was not true can not be contested, under the evidence in this record. The testimony of several different physicians showed absolutely that the statement was not true, and proved beyond any question that the assured was afflicted with a disease of a serious character; that he must have known he was afflicted; that his answer to the question was untrue; and that he must have been aware of it. He was in such a dangerous condition that in a short time after making this application he had to be operated on to get relief; and he died. Certain witnesses testified to his good character, to his healthy appearance, to his bodily activity. But such testimony is not in serious conflict with that of the physicians who examined him several times and who found him to be afflicted with a serious malady. The misrepresentations he made were as to material facts, and the very facts upon which the insurance company would have refused a reinstatement of the policy were concealed. "A failure to state a material fact, if not done fraudulently, does not void; but the willful concealment of such a fact, which would enhance the risk, will void the policy." Code, § 2481. "Where an applicant for life insurance willfully conceals from the insurer the fact of a previous illness, such concealment will avoid the policy if the disease was of such a character as to enhance the risk." *Ætna Life Insurance Co.* v. *Conway,* 11 *Ga. App.* 557 (75 S. E. 915). "A material representation in an application for life insurance is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Lee* v. *Insurance Co.,* 158 *Ga.* 517 (123 S. E. 737). It was held in *Mutual Life Insurance Co.* v. *Bolton,* 22 *Ga. App.* 566 (96 S. E. 442): "Representations made in an application for insurance which is attached to and made a part of the policy are considered as covenanted to be true by the applicant, and the policy will be voided by any variation which changes the nature, extent, or character of the risk. Any material representation of facts by the assured, to induce the acceptance of the risk, will void the policy if untrue; and while failure to state a material fact will not void a policy unless such failure be fraudulent, a willful concealment of such fact, which

would enhance the risk, will void the policy. . . While the question as to the truth and materiality of representations is generally one for determination by the jury, yet where all the testimony relating to an issue of fact excludes every reasonable inference but one, it becomes a question of law, for determination by the court."

Under the facts of this case and the law applicable thereto, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*