## 44621. CHESTER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DEEN, Judge. Chester sued the defendant insurer for damages under an automobile liability insurance policy. The defendant denied coverage and moved for summary judgment contending that the appellant's application on which the policy was issued contained the false statement that he had not had any insurance refused or canceled within three years of the date of the application, that the policy was issued in reliance on statements made in the application and that if a full and complete disclosure had been made by the plaintiff in his appli-

cation defendant would not have issued the policy. The application was not attached to the policy. It contains no limitation on the authority of the soliciting agent. The policy recites that it is issued in consideration of the premium paid and in reliance upon the declarations contained therein. *Held:*

"Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered." *Mechanics & Traders Ins. Co. v. Mutual Real Estate &c. Assn.,* 98 Ga. 262 (25 SE 457); *Johnson v. Aetna Ins. Co.,* 123 Ga. 404 (51 SE 339); *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875). In the present case the evidence in opposition to the motion shows that the applicant informed the agent of the true facts, which were that he had taken out a policy with another company some two years previously, had subsequently received notice that the company intended to cancel the insurance for an unstated reason at a named future date, and that he then himself canceled the policy prior to such date and obtained other insurance. The agent then advised him that he did not think that would matter since he and not the insurer had in fact canceled the policy and the applicant relied on the agent's statement to that effect in making out the application. Actual knowledge of the agent of a misrepresentation in the application, absent fraudulent collusion or a limitation on the authority of the agent in the application, is imputed to the insurer and estops it from contending that had it known the true facts it would not have issued the policy. See also *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (1) (101 SE2d 120), aff., 213 Ga. 904 (102 SE2d 494) and *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Pannell and Evans, JJ., concur. Eberhardt and Whitman, JJ., concur specially. Jordan, P. J., Hall, P. J., and Quillian, J., dissent.*

ARGUED SEPTEMBER 11, 1969—DECIDED MARCH 18, 1970—
REHEARING DENIED APRIL 3, 1970.

*James F. Becton,* for appellant.

*Hitch, Miller, Beckmann & Simpson, A. Martin Kent,* for appellee.

EBERHARDT, Judge, concurring specially. I think Judge Quillian has the sound and better position, and I would join in his dissent were it not for the binding effect of the ruling in *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632, cited in the majority opinion. See my concurring opinion in *Lucas v. Continental Cas. Co.,* 120 Ga. App. 457, 460 (170 SE2d 856). For this reason I must concur with the majority opinion.

WHITMAN, Judge, concurring specially. I concur in the majority opinion and am also of the opinion that a jury question is presented under the evidence here as to whether the plaintiff's pre-cancellation of the policy was in effect a pre-emption so that technically, as the plaintiff maintains the defendant's agent said in effect that the former insurer, Allstate, had not as a matter of fact canceled the policy, since it could not cancel a policy which had already been canceled by the insured. It is therefore also a jury question as to whether any misrepresentation of fact appeared on the application.

HALL, Presiding Judge, dissenting. On motion for rehearing the appellee says that it has difficulty understanding "the logic and attitudes of the various judges" in this case; *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582; *Reserve Life Ins. Co. v. Meeks,* 121 Ga. App. 592; and *Prudential Ins. Co. v. Perry,* 121 Ga. App., post. Many others will probably share this same difficulty. The concurring opinion of Judge Eberhardt in *Lucas v. Continental Cas. Co.,* 120 Ga. App. 457 (170 SE2d 856), stating that "The the law is not really clear on the subject" is a good understatement of the present status of the law. While there was a clear call for "clarification of the law" in that case, it is yet to come and the confusion remains.

*Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632, cited in the majority opinion, which was not a full bench opinion and in which the majority opinion conceded that the cases of both courts are in "irreconcilable conflict," dealt with an oral as distinguished from a written application. Does this rather tenuous rule on oral applications also apply to written applications which

are attached to and made a part of the policy? It would seem to be beyond question that an oral application can never be made part of the policy. Is the situation the same where the parties have not left the matter to the fallible memory of witnesses but rather put the statement in writing? What has happened to the parol evidence rule? See 44 AmJur2d 974, Insurance, § 2035; *Wheeler v. Fidelity & Cas. Co.*, 129 Ga. 237, 240 (58 SE 709); *Mitchener v. Union Central Life Ins. Co.*, 185 Ga. 194, 195 (194 SE 530); *Fowler v. Preferred Acc. Ins. Co.*, 100 Ga. 330 (28 SE 398). Can it be said that the memorandum opinion with two dissenting Justices in *Reserve Life Ins. of Dallas v. Bearden,* 213 Ga. 904 (102 SE2d 494), came to grips with the problem involved here when there was no mention of the parol evidence rule? Does this question involve a matter of such "gravity and importance" that it warrants the grant of certiorari by the highest court of this State? See *Central of Ga. R. Co. v. Yesbik,* 146 Ga. 620 (91 SE 873).

In my opinion, the bench, the bar and the general public would welcome a definitive ruling from our highest court. As the saying goes—"Old confusions die hard." Owens v. Union Pac. R., 319 U. S. 715, 721 (63 SC 1271, 87 LE 1683).

QUILLIAN, Judge, dissenting. The false declaration as to the previous cancellation of the appellant's insurance was in my opinion sufficient to void the policy as a matter of law. *State Farm Mut. Auto. Ins. Co. v. Anderson,* 107 Ga. App. 348 (130 SE2d 144); *Sovereign Camp W. O. W. v. Reid,* 53 Ga. App. 618 (186 SE 759); *Mutual Benefit Health &c. Assn. v. Marsh,* 60 Ga. App. 431 (4 SE2d 84).

I am authorized to state that Presiding Judges Jordan and Hall concur in this dissent.