## 59940. PHILLIPS v. OLD REPUBLIC LIFE INSURANCE COMPANY.

SHULMAN, Judge.

Plaintiff-widow, as beneficiary of decedent-insured's life insurance policy, brought suit against defendant-Old Republic Life Insurance Company upon defendant's refusal to pay on the policy at the death of the insured. The insurer maintained that it was not liable on the policy since the insured, in obtaining his policy, had made material misrepresentations as to his health. From the grant of

defendant's motion for summary judgment and the consequent denial of plaintiff's motion for summary judgment, plaintiff appeals. We affirm.

1. We cannot agree that the trial court abused its discretion in extending the time for filing defendant's motion for summary judgment upon defendant's showing of good cause. See Code Ann. § 81A-106 (b). Moreover, it appears that defendant did not file a motion for summary judgment after the original deadline date established by the court. Rather, defendant merely amended its motion to dismiss by the introduction of medical records and affidavits, converting it into a motion for summary judgment.

2. Nor can we agree with appellant's contentions of error in regard to the trial court's grant of defendant's motion to release certain of the decedent's Veterans Administration medical records.

38 USCA § 4132 (b) (2) provides that "[w]hether or not any patient or subject, with respect to whom any given record referred to in subsection (a) of this section is maintained, gives written consent, the content of such record may be disclosed by the Administrator as follows:

"(C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient or subject, to the physician-patient relationship and to the treatment services . . ."

Contrary to appellant's assertions, then, it was not a prerequisite to the release of the VA records in question that the "next of kin, executor, administrator, or other personal representative" of the decedent give prior written request for disclosure (see USCA § 4132 (3)). Upon a showing of good cause therefor, the court in the instant case was authorized to release the records as requested by defendant.

3. Appellant asserts that the trial court erred in granting defendant's motion for summary judgment for the reason that the court improperly determined as a matter of law that the decedent had made material misrepresentations on his application of insurance.

The application for insurance asked the question: "Have you (you or your spouse) ever been told you had any of the following" (following which a number of illnesses were listed). Specifically, appellant argues that because there was no evidence that the decedent had been *told* that he had any of such diseases (despite the fact that he may have been treated for such illnesses), the court erred in finding that the insured had made misrepresentations when he

responded negatively to the question. We disagree.

The evidence produced on motion for summary judgment showed that the decedent-insured had a history of and had been treated for pulmonary emphysema, hemoptysis (blood spitting), chronic brain syndrome (associated with the consumption of alcohol), hypertension, and epilepsy, along with other long standing physical problems, some for which he had been hospitalized. In view of the insured's medical history, we conclude, as did the trial court, that a jury could not find as a fact that the insured was unaware of or had no indication that he was not in sound health (question 5 on the application) or that he had not had any serious illness, disorder, or injury (question 4 on the application).

The fact that the insured may not have been specifically told the technical names for his numerous illnesses does not belie the fact that he was nevertheless certainly on notice of his physical condition, and that, therefore, his negative responses to the above questions constituted misrepresentations. This being so, the court properly found, as a matter of law, that the insured had misrepresented the state of his health. Moreover, see *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 238 (248 SE2d 635), wherein it was held that a showing of actual knowledge of misrepresentations is not necessary in order to prevent a recovery on the policy.

Nor can we agree that the insured's misrepresentations as to the state of his health were not material. See, e.g., *Gen. Assur. Corp. v. Roberts,* 92 Ga. App. 834 (2) (90 SE2d 70); *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389 (160 SE2d 612); *Jefferson Std. Life Ins. Co. v. Bridges,* 147 Ga. App. 5 (1) (248 SE2d 5), in which cases, as in the case at bar, there was evidence that the policy would not have been issued had the insured been truthful.

Appellant's contentions of error in regard to the trial court's finding of material misrepresentations are, therefore, without merit.

4. In her final enumeration of error, appellant complains that, notwithstanding the fact that the insured may have made material misrepresentations regarding his health, the insurer was estopped to deny liability on the policy by virtue of certain preclusive language in the application for insurance.

The pertinent contractual language reads as follows: "I (we) expressly authorize, to such extent that may be lawful, any physician, hospital official or employee, or other person who has heretofore attended or examined me (us), or who has been consulted by me (us) to disclose any past or present illness, treatment or prescription acquired at any time at or before the date of this application, *but in no event beyond 60 days following the date of this application.*" (Emphasis supplied.)

Appellant argues that the emphasized language precluded the insurer from making any inquiries as to the status of the insured's health after 60 days from the date of the application; that it was incumbent upon the insurer to investigate the health of the insured, if at all, within the above 60-day period. We must take issue with appellant's interpretation of this provision.

We find that the above-quoted passage from the application merely authorizes those persons or entities having "heretofore attended or examined" the applicant to disclose or release certain information concerning the applicant's medical history to the insurer. This authorization is clearly directed to the *holders* of such information rather than to the insurer itself, and we can therefore see no reasonable construction of this provision which would in any way restrict the *insurer* from exercising its right to verify the medical data submitted by the applicant on his application for insurance coverage after the 60-day period of the provision expired. (The insurer, however, must comply with the time limitations set forth in Code Ann. § 56-2503 (1) (b)).

Since this provision of the application does not, therefore, obligate the insurer to discover any material misrepresentations regarding the health of the insured within 60 days of the date of application (or pay on the policy as otherwise required) but, rather, grants the insurer the right to gather information from certain named sources with advance permission from the insured (for a period of 60 days), we cannot agree that the insurer is estopped to deny liability on the basis of the insured's material misrepresentations.

No grounds for reversal of the grant of defendant's motion for summary judgment appearing, that judgment must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted May 13, 1980 — Decided September 4, 1980.

*William T. Whatley,* for appellant.
*Bruce Durden,* for appellee.