62715. UNITED INSURANCE COMPANY OF AMERICA v. HODGES.

SOGNIER, Judge.

Betty J. Hodges, as beneficiary of an insurance policy issued on the life of her father, filed a complaint against United Insurance Company of America (United) seeking to recover on the policy. The trial court denied United's motion for summary judgment and we granted this interlocutory appeal.

United contends that summary judgment was incorrectly denied and that it is not obligated to pay on the policy. United argues that Hodges, in applying for the policy in her father's name, failed to disclose that he had been hospitalized recently for hypertension and had the state of her father's health been known by United, it would not have issued the policy.

Appellant's reliance on *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978), in which the Supreme Court held that where misrepresentations are made in an insurance application and are material under the provisions of Code Ann. § 56-2409, actual knowledge of their falsity is not required to prevent a recovery on the policy, is misplaced. In the instant case, Hodges in her affidavit disclaimed knowledge of the state of her father's health; also by affidavit and by deposition, she testified to facts which make the rule in *United Family Life* inapplicable.

In her affidavit appellee stated: ". . . she was not sure about his present state of health. Archer [the agent of the insurance company] advised her that all that was necessary was for her to answer the questions to the best of her knowledge and belief and the insurance policy would be issued to her. Plaintiff answered all the questions posed to her to the best of her knowledge and belief and Archer recorded her answers on the application. When the questions were completed plaintiff asked Archer if she should sign the application whereupon Archer advised her that it made no difference who signed the application and then signed said application himself."

On deposition the appellee testified: "Well, when I rejoined he [Archer], you know, got all the papers and then he was going down the line asking questions about his sickness and all, but I told him I hadn't seen Daddy recently and that I didn't know whether he had any problems or not. He said, well, I'm just going to write, no, and then when he got down to my Daddy's name, I asked him, I said, well, do you want me to sign it, you know, my Daddy's name, and he said, no, I'll sign it. He said, it don't really make no difference anyway and he wrote my Daddy's name on it.

"Q You're saying he signed your Daddy's name?

"A Yes, he's the one who signed it.

"Q Mr. Archer did?

"A Mr. Archer did.

"Q You don't think your father ever signed that application?

"A No."

In the deposition, as well as in the affidavit, appellant denied knowledge of any illness of her father.

"Q In your Complaint, Mrs. Hodges, you state just for the record that when Archer posed the questions to Plaintiff concerning the insured's health, Plaintiff advised him that since she did not live with her father, she was living in Wrightsville and he in Dublin, she was not sure about the present state of his health and Archer advised her that all that was necessary for her to answer the questions to the best of her knowledge and belief and the insurance policy would be issued to her. Is that true what Mr. Archer told you, to answer them to the best of your own knowledge?

"A He said that but I told him that I didn't know, that I couldn't, you know, swear to it that he wasn't sick or anything.

"Q Look if you will, Mrs. Hodges, this is a microfilm copy of that application which is attached to the Defendant's Answer. Do you see the signature of Gus Bridges. Are you saying that's not your father's signature?

"A No. My daddy couldn't write."

We find no inconsistency in appellee's uncontroverted state-

ments and conclude that the rule applicable to the facts in the instant case is found in *Stillson v. Prudential Ins. Co.,* 202 Ga. 79, 82-83 (42 SE2d 121) (1947):

"'In an action on a contract of insurance, the insurance company is generally considered estopped to deny liability on any matter arising out of the fraud, misconduct, or negligence of an agent of the company. If either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal. This principle is illustrated by the rule that the insurer is estopped to assert the falsity of answers to questions contained in an application for insurance or the policy itself, where such false answers are inserted by the insurer's agent to whom the applicant for insurance gave correct answers or information.

"'. . . [t]he insurer, to protect itself, needs only to select competent and trustworthy agents.'" See also *Liberty Nat. Life Ins. Co. v. Houk,* 248 Ga. 111 (281 SE2d 583) (1981).

We agree with the trial court's denial of summary judgment and affirm.

*Judgment affirmed. Shulman, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JANUARY 21, 1982 —
REHEARING DENIED FEBRUARY 3, 1982 —

*J. Franklin Edenfield,* for appellant.
*Joe W. Rowland,* for appellee.