## 63496. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY v. BEAR'S DEN, INC.

CARLEY, Judge.
Appellant-insurer issued a policy insuring the life of John E. Wadley. Mr. Wadley was subsequently diagnosed as having lung cancer, but he apparently died from a heart attack. After Mr. Wadley's death, appellee-beneficiary filed a claim on the policy which was denied by appellant. Demand for payment was refused and appellee instituted the instant action to recover on the policy. Appellant's answer asserted that the policy had not, under its terms and the circumstances surrounding Mr. Wadley's death, become effective. In addition, appellant alleged that Wadley's application for insurance contained material misrepresentations, omissions, concealments of fact and incorrect statements. After extensive discovery, appellee and appellant each filed a motion for summary judgment. A hearing was held and the trial court entered its order granting appellee's motion and denying appellant's. Appellant appeals, enumerating as error both the grant of appellee's motion for summary judgment and the denial of its own.

1. Appellant argues that the trial court erred in failing to rule that the policy never became effective. In this regard, appellant relies upon the following language of the policy: "[I]f no premium is paid

with this Application, no insurance shall become effective unless a policy is issued and delivered to the Owner, the first premium is paid while the facts concerning the insurability of the lives insured are the same as described herein." It is undisputed in the instant case that no premium was paid with the application, that the policy was subsequently issued and delivered, and that the first premium was eventually paid. The dispute is essentially over the construction of the above quoted policy language and the dates when the conditions of issuance, delivery and payment occurred.

It is appellant's first contention that the phrase "while the facts concerning the insurability of the lives insured are the same" relates to and modifies all three conditions. Appellant's construction of the language would thus transpose the wording so as to read: "[N]o insurance shall become effective unless, while the facts concerning the insurability of the lives insured are the same as described herein, a policy is issued and delivered to the owner [and] the first premium paid."

Pretermitting whatever else the provision means, the phrase "while the facts concerning the insurability of the lives insured are the same" relates solely to the payment of the first premium. "It is clear to us that when properly construed the above-quoted stipulation in the application means, so far as the health of the applicant is concerned, merely that at the time of paying the first premium on the policy he must be in the same state of health that he was in when he signed the application . . . Considering the way the sentence is written and punctuated, the correct grammatical construction would seem to be that the words, 'during my present condition of health,' apply to and modify only the other words of the clause in which they appear, to wit: 'and the payment of the premium as required therein.' " *Massachusetts Mut. Life Ins. Co. v. Boswell,* 20 Ga. App. 446, 451 (93 SE 95) (1917).

Appellant next asserts that, although the actual word does not appear in the provision, the comma separating the conditions of issuance and delivery from that of first premium payment should be construed as the connective "and." Thus, under appellant's construction there would be three conditions which would have to be met before the policy became effective: (1) Issuance; (2) delivery; *and* (3) payment of the first premium while the applicant's health remained the same. Appellee, on the other hand, argues that the comma separating the first two conditions from the third should be construed as the disjunctive "or." Thus, under appellee's interpretation there would be, in essence, only two conditions stated in the provision, the satisfaction of either of which would be sufficient to cause the insurance to become effective: (1) Issuance and delivery

of the policy; *or* (2) payment of the first premium while the applicant's health remained the same.

A contract of insurance may be conditioned upon the issuance and delivery of the policy to the applicant. See generally *Newton v. Gulf Life Ins. Co.,* 55 Ga. App. 330 (190 SE 69) (1937). Or, a policy may be conditioned upon payment of the first premium during the applicant's good health. See generally *Reliance Life Ins. Co. v. Hightower,* 23 Ga. App. 573 (99 SE 140) (1919). Or, it may be conditioned upon both the issuance and delivery of the policy to the applicant and his payment of the first premium. See generally *Mitchiner v. Union Cent. Life Ins. Co.,* 185 Ga. 194 (194 SE 530) (1938); *Pierce v. Life Ins. Co.,* 50 Ga. App. 337 (3) (178 SE 189) (1934). Because neither an "and" nor an "or" appears in the provision in question in the instant case, it is not possible to determine from the provision itself whether the conditions to enforceability stated therein are disjunctive or conjunctive. Either construction would be viable. Cf. *Bank Bldg. &c. Corp. v. Ga. State Bank,* 132 Ga. App. 762, 765 (209 SE2d 82) (1974). Thus, the provision in the instant case, containing neither a conjunctive nor a disjunctive connective, is inherently ambiguous.

"Insurance policies are prepared and proposed by the insurers; and, where such a contract is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured. Especially is this true where, as in this case, the construction insisted upon by the company would work a forfeiture of the policy, while the other will preserve the obligations of both the company and the insured." *State Mut. Life Ins. Co. v. Forrest,* 19 Ga. App. 296 (1) (91 SE 428) (1916). Thus, applying the rules of construction to the ambiguous provision in the instant policy, we conclude that the comma must be interpreted as meaning "or." It is obviously more favorable to the insured to require the satisfaction of only one condition to enforceability rather than two. In the instant case, it is not controverted that the policy was issued and delivered prior to Mr. Wadley's death. Accordingly, the policy thereby became effective regardless of whether the first premium was or was not paid while Mr. Wadley was in the same physical condition as described in the application. Cf. *Metropolitan Life Ins. Co. v. Thompson,* 20 Ga. App. 706 (1,2,3,4) (93 SE 299) (1917). It was not error to grant appellee's motion for summary judgment and to deny appellant's as to this issue of underlying enforceability.

2. The remaining issue involves appellant's material misrepresentation defense. With reference to two of the three alleged misrepresentations — one concerning "chronic respiratory disorder" and one concerning "excessive use of alcohol" — our review of the record

demonstrates that the evidence relied upon by appellant is nonprobative hearsay. See generally *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260, 261 (2) (160 SE2d 439) (1974); *Dennis v. Adcock,* 138 Ga. App. 425 (226 SE2d 292) (1976); *Dunn v. McIntyre,* 146 Ga. App. 362, 363 (2) (246 SE2d 398) (1978). As hearsay, the evidence has no probative value regardless of whether or not an objection was raised to its consideration as evidence in support of appellant's motion. See generally *Hamilton v. Metropolitan Life Ins. Co.,* 71 Ga. App. 784, 788 (2) (32 SE2d 540) (1944). This evidence apparently being the sole evidence relied upon as proof of these two alleged misrepresentations, summary judgment for appellant would not have been authorized. Cf. *Jones v. State,* 50 Ga. App. 97 (176 SE 896) (1934). Accordingly, it was not error to deny appellant's motion with regard to these two alleged misrepresentations. *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556 (254 SE2d 881) (1979).

However, the mere fact that it was not error to deny appellant's motion has no bearing on the propriety of the grant of summary judgment in favor of appellee. As movant, the burden was on appellee to pierce appellant's defense with regard to the alleged misrepresentations and, thus, to demonstrate that no genuine issue of material fact remained.

One alleged misrepresentation relates to Mr. Wadley's response to the following inquiry: "Have you ever been treated for or ever had known indication of: Shortness of breath, persistent hoarseness or cough, blood spitting, bronchitis, pleurisy, asthma, emphysema, tuberculosis or *chronic respiratory disorder."* Mr. Wadley was directed to answer the inquiry either "yes" or "no" and, if his answer were "yes," to give the following additional information: "CIRCLE APPLICABLE ITEMS: Include diagnosis, dates, duration and names and addresses of all attending physicians and medical facilities." Mr. Wadley answered the question "yes" and, while apparently circling no "applicable item," made the following further disclosure: "[D]yspnea at times — pneumonia three years ago." It is appellant's contention that Mr. Wadley's answer was a misrepresentation because he, in fact, suffered from "chronic respiratory disorder." Appellee asserts that appellant failed to prove that there was a misrepresentation. While the failure to prove that there was a misrepresentation is fatal to appellant's motion for summary judgment, it was incumbent upon appellee, as movant, to prove that no genuine issues of material fact remained in that regard.

The only argument advanced by appellee in support of the grant of its motion for summary judgment is that appellant "waived" its right to rely upon a misrepresentation regarding "chronic respiratory disorder." "It is generally held that where, upon the face of an

application, a question appears to be imperfectly or incompletely answered, or not answered at all, the issuance of a policy without further inquiry waives the want of, or the imperfection in, the answer." 43 AmJur2d 1041, Insurance, § 1120. However, " 'Waiver is the *intentional* relinquishment of a *known* right.' [Cits.] Knowledge of the true facts is likewise essential in a situation of this kind to give rise to an estoppel. [Cit.]" *Kennesaw Life &c. Ins. Co. v. Hubbard,* 106 Ga. App. 556, 562 (127 SE2d 845) (1962).

On the record before us, it is impossible to determine whether Mr. Wadley's disclosure evidences an omission of the existence of "chronic respiratory disorder" or whether the disclosure concerning dyspnea and pneumonia was, in fact, merely Mr. Wadley's imperfect but nonmisrepresentative response to appellant's inquiry. In other words, we cannot determine whether Mr. Wadley's response to the inquiry was or was not a misrepresentation. If Mr. Wadley in fact had ever been treated for or ever had any known indication of "chronic respiratory disorder" *other than* dyspnea or pneumonia, the issue of material misrepresentation remains. See generally *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978). If, on the other hand, the only chronic respiratory disorders for which Mr. Wadley had ever been treated or of which he had ever had any known indication were dyspnea and pneumonia as represented, it would appear that Mr. Wadley's response to the inquiry was not an omission but was merely imperfect insofar as it did not give *all* the information requested under the application. In that event, appellant waived its known right to a more complete disclosure in this regard by issuing the policy based upon the incomplete but nonmisrepresentative disclosure. "Since it is not clear from the evidence whether [Mr. Wadley had ever been treated for or had any known indication of 'chronic respiratory disorder' other than that disclosed], the issues of the falsity and materiality of this representation [remain for] the jury." *United Family Life Ins. Co.,* 242 Ga. at 237, supra. Accordingly, it was error to grant appellee's motion for summary judgment as to this issue.

Since it was error to grant appellee's motion for summary judgment as to the alleged misrepresentation concerning "chronic respiratory disorder" and the order must be reversed for this reason, we need not reach the question of whether summary judgment was erroneously granted in favor of appellee as to the alleged misrepresentation concerning "excessive use of alcohol."

3. With regard to the remaining misrepresentation, appellant relies upon Mr. Wadley's negative response to the following inquiry in the application: "Have you within the past 5 years: Been a patient in a hospital, clinic, sanatorium, or other medical facility?" In fact,

Mr. Wadley had been hospitalized for the removal of a polyp from the sigmoid colon some four-and-one-half years before the application was filled out.

"In order to void a policy of insurance for a misrepresentation in the application, the insurer must show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. [Cit.] A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance. [Cit.]" *Sentry Indem. Co. v. Brady,* 153 Ga. App. 168, 170 (264 SE2d 702) (1980). " 'Whether misrepresentations are material is ordinarily a question for the jury; but where, . . ., the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury.' [Cit.]" *New York Life Ins. Co. v. Hollis,* 177 Ga. 805, 807 (171 SE 288) (1933). Our review of the record reveals no evidence which would show that Mr. Wadley's omission concerning his prior hospitalization was "material" within the definition quoted above. Compare *Bailey v. Interstate Life &c. Ins. Co.,* 155 Ga. App. 65 (270 SE2d 287) (1980).

In the absence of any evidence demonstrating that the omission concerning the operation was itself "material" to the acceptance of the risk of insuring Mr. Wadley, it was not error to deny appellant's motion for summary judgment as to this defense.

4. For the reasons discussed in Division 1, it was not error to grant appellee's motion and to deny appellant's as to the existence of a policy of insurance. For the reasons discussed in Division 2, it was error to grant appellee's motion as to appellant's material misrepresentations defense. For the reasons discussed in Divisions 2 and 3, it was not error to deny appellant's motion as to its material misrepresentations defense.

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 18, 1982 —
REHEARINGS DENIED JULY 7, 1982.

*Mallory C. Atkinson, Jr., R. William Buzzell II,* for appellant.
*F. Kennedy Hall, J. Steven Stewart,* for appellee.