### 63547. WASHINGTON v. INTERSTATE FIRE INSURANCE COMPANY.

POPE, Judge.

Barbara Jean Washington brought this action against Interstate Fire Insurance Company seeking to recover $10,000 on two fire insurance policies issued to her by Interstate. One policy provided coverage on her home, and the other policy provided coverage on the contents of her home. At trial Washington, the sole witness on her behalf, offered testimony on direct examination. Following this testimony, the trial court granted Interstate's motion for directed verdict. Washington appeals.

Washington testified that she purchased her home in 1965 for $6,000. She estimated that over the years she spent between $3,000 and $4,000 on improvements to the building and new furniture. On October 6, 1977 she purchased fire insurance from Independent Fire Insurance Company — $6,000 on the building and $2,000 on its contents. On November 30, 1977 she purchased the subject fire insurance policies from Interstate — $6,000 on the building and $4,000 on its contents. On December 9, 1977 she purchased fire insurance from Peninsular Fire Insurance Company — $5,000 on the building and $5,000 on its contents. The record shows that Washington's home was burned on December 19, 1977. The building and its contents were a total loss.

Washington further testified that Interstate's agent filled out the insurance application for her and that she signed the application but did not read it. After the agent had completed the application, he prepared a premium payment book and, at Washington's request, hung it on a nail in her home. Washington testified that at this time the agent saw the premium payment book for her other fire insurance policy, which was already hanging in plain view on the nail. Both policies issued by Interstate, as well as the application for insurance, were admitted into evidence without objection.

The application asks: "If this policy is issued, will the building be insured by any other policy?" A similar question is asked regarding the contents of the building. Both questions are answered in the negative. In addition, both questions are marked by a star (asterisk) on the application referring to language located just below. This language, emphasized in capital letters, provides: "NO APPLICATION WILL BE APPROVED . . . WHEN THE BUILDING OR CONTENTS TO BE INSURED ARE ALREADY INSURED." The application concludes: "I declare that the answers to the above questions are complete and true to the best of my knowledge, and written strictly in accordance with my directions. I agree that said answers, with this declaration, shall form the basis of a contract of fire insurance between me and Interstate Fire Insurance Company, and that the policy which may be granted by the said Company in pursuance of this application shall be accepted subject to the conditions and agreements contained in such policy."

"It should be observed that the *applicant is bound by the answers* recorded on the application, whether written by [her] or by the agent, absent any fraud on the part of the agent in deceiving [her] as to what was in fact written down as answers, or in preventing [her] from reading and ascertaining what was written down." *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 622 (174 SE2d 570) (1970). "Consequently, unless fraud against [her] appears, the answers on the application are [Washington's] answers, and [she] is chargeable with whatever effect they may have . . . If they are incorrect, or if they are incomplete in any respect, the incorrectness or incompleteness is [hers]." Id. at 623. The record in the case at bar is totally devoid of any showing of fraud on the part of Interstate's agent. Compare *Jarriel v. Preferred Risk Mut. Ins. Co.,* 155 Ga. App. 136 (270 SE2d 238) (1980). Therefore, Washington is bound by the answers in the application.

Both subject policies provide: "'This entire policy shall be void if, whether before or after the loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof. . . .'" The evidence is undisputed that Washington's response to the question on the application relating to other insurance constituted a misstatement or misrepresentation, even if made in good faith. See *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978); Code Ann. § 56-2409. This misstatement was made as to a material fact, since the very fact upon which Interstate would have refused to issue the policies was concealed. Accord, *Phillips v. New York Life Ins. Co.,* 173 Ga. 135 (2) (159 SE 696) (1931); *Prudential Ins. Co. v. Perry,* supra at (2b). There being no conflict in the evidence as to any material issue, and the

evidence introduced with all reasonable deductions therefrom demanding a verdict in favor of Interstate, the trial court did not err in thusly directing the verdict in this case. Code Ann. § 81A-150 (a).

*Judgment affirmed. Quillian, C. J., Shulman, P. J., Birdsong, Carley and Sognier, JJ., concur. Deen, P. J., McMurray, P. J., and Banke, J., dissent.*

DECIDED JULY 9, 1982.

*William H. Glover, Jr.,* for appellant.
*Robert M. McCartney, Charles E. Lamkin, William K. Broker,* for appellee.

DEEN, Presiding Judge, dissenting.

Conceding that in *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570) (1970), the writer dissenting, a partial "limitation of authority of the agent" existed on and upon the face of the application, this does not obtain in this case under consideration. Here no limitation of authority at all appears on the application, therefore, *Perry,* supra, is totally inapplicable. Without a limitation on the authority of the agent contained *in and upon the face of the application* knowledge of the agent is *knowledge of the company. Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (174 SE2d 591) (1970); *Reserve Life Ins. Co. v. Meeks,* 121 Ga. App. 592 (174 SE2d 585) (1970); *Chester v State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 599 (174 SE2d 582) (1970). All three latter cases are whole court expressions particularly as to this distinction here as compared to a *Perry,* supra, situation.

Construing appellant's testimony most favorably the agent (company) had been to her house before, tried to sell her fire insurance on other occasions, the company (agent) saw the premium pay book for her other fire insurance policy hanging in plain view on the hook, and the company (agent) filled out the application for her and without any notice to her of any limited authority of agent she could have presumed he had the power to waive any requirement as to other fire insurance and just told her to sign up. The application and policy must be construed against the company drafting the contract. We cannot say that a jury could not find from the testimony and record that the company was not aware of the prior procured insurance and that in filling out the application by the company it either waived the answer to this condition, indifferently and in a cavalier manner chose "no" as an answer, or may have intentionally done so.

I would reverse and permit a jury to pass on this question of insurance.

I am authorized to state that Presiding Judge McMurray and Judge Banke join in this dissent.