**Billy H. NAPPIER and Mary J. Nappier, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 1:90–CV–1425–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 7, 1991.

subject to that defense. *FDIC v. Gulf Life Ins. Co.,* 737 F.2d 1513, 1518 (11th Cir.1984) (*citing, Gunter,* 674 F.2d at 873).

Luke Frank Gore, Austell, Ga., for plaintiffs.

Dennis John Webb, Marvin Dewayne Dikeman, Webb Carlock Copeland Semler & Stair, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, Jr., District Judge.

This case is before the court on defendant's Motion for Summary Judgment. The court DENIES defendant's Motion.

## BACKGROUND

On January 10, 1989, Georgia Farm Bureau Mutual Insurance Company (Georgia Farm Bureau) cancelled plaintiffs' homeowners insurance policy. The cancellation notice gave the following explanation: "This decision was influenced by underwriting guides. This decision was influenced by the payment record of your policy." There is no evidence that plaintiffs ever filed any claims under the Georgia Farm Bureau policy.

On September 11, 1989, plaintiffs approached an Allstate agent in an effort to insure their home. Plaintiffs completed Allstate's insurance coverage application. The application asked plaintiffs to state whether "[i]n the past 5 years you have been rejected, cancelled or nonrenewed insurance similar to the coverage applied for in this application?" Plaintiffs answered no. According to plaintiffs, they did not know that Georgia Farm Bureau had cancelled their homeowners policy. They apparently believed that Georgia Farm Bureau cancelled only an auto insurance policy because the bottom of the cancellation notice made reference to high risk auto insurance.

Allstate issued plaintiffs a homeowners insurance policy. On December 24, 1989, a fire severely damaged plaintiffs' home. Defendant refused to pay plaintiffs' claim, contending that the policy was void because of plaintiffs' failure to disclose the Georgia Farm Bureau cancellation. Plaintiffs then filed this case in state court, seeking to collect on the policy. Defendant removed the case to this court based on diversity of citizenship.

## ANALYSIS

The court will grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must demonstrate that the nonmoving party lacks evidence to support an essential element of her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant meets its burden "by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* Once the movant has met this burden, the nonmovant must go "beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)).

■ Defendant moves for summary judgment under O.C.G.A. § 33–24–7(b). That section provides that:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
> (1) Fraudulent;
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

Defendant relies on subsections (2) and (3) and correctly argues that it need not prove that plaintiffs acted with intent or even knowledge in misrepresenting their prior cancellation in order to prevail thereunder. *See United Family Life Insurance Co. v. Shirley,* 242 Ga. 235, 237–38, 248 S.E.2d 635, 637 (1978) (since Code makes insured's material statements in insurance application warranties, applicant's good faith in making statements is irrelevant); *Oakes v. Blue Cross Blue Shield,* 170 Ga.App. 335, 336–37, 317 S.E.2d 315, 317 (1984) (same). The statute's structure directly supports defendant's position, since only one of the three separate criteria under which a misrepresentation could prevent an insured's recovery, subsection (1), involves an inquiry into the insured's mental state. *See Hall v. Time Insurance Co.,* 663 F.Supp. 599, 602 (M.D.Ga.1987) (acknowledging that O.C.G.A. § 33–24–7(b) provides three distinct bases on which insurer can deny or rescind coverage), *rev'd on other grounds,* 854 F.2d 440 (11th Cir.1988). The fact that plaintiffs may have acted in good faith in failing to disclose their previous cancellation is accordingly irrelevant.

■ In order to prevail under O.C.G.A. § 33–24–7(b)(2), defendant need only prove that (1) plaintiffs' representation was false; and (2) plaintiffs' representation was material "in that it changed the nature, extent, or character of the risk." *Oakes,* 170 Ga. App. at 336, 317 S.E.2d at 316 (quoting *Georgia International Life Insurance Co. v. Bear's Den, Inc.,* 162 Ga.App. 833, 838, 292 S.E.2d 502, 507 (1982)).[1] Defendant has clearly shown that plaintiffs' representation was false. As explained earlier, plaintiffs represented that they had not had a homeowners policy cancelled within the last five years. In fact, plaintiffs' homeowners policy with Georgia Farm Bureau was cancelled just eight months prior to their application with defendant.

Defendant has not, however, shown that plaintiffs' misstatement was material as a matter of law. As a rule, the question of materiality is one for the jury. *Oakes,* 170 Ga.App. at 336, 317 S.E.2d at 316. Only where "the evidence excludes every reasonable inference except that [the misrepresentations] were material" should the court determine materiality on its own. *Id.* (quoting *Bear's Den, Inc.,* 162 Ga.App. at 838, 292 S.E.2d at 507). Defendant offers no explanation why the particular misrepresentation in this case "changed the nature, extent or character of the risk." *Id.* Instead, defendant cites a number of cases that found misrepresentations regarding cancellation of (or rejection in applying for) prior insurance to be material as a matter of law. Defendant argues that these cases create an absolute rule that misrepresentations regarding cancellation of prior insurance are always material, regardless of the facts and circumstances surrounding the cancellations.

Defendant's argument is flawed because it loses sight of the actual definition of materiality: a misstatement that "changed the nature, extent or character of the risk." *Id.* In many instances, cancellation of prior insurance would alter the "nature, ex-

---

**1.** Although defendant claims to seek summary judgment under both O.C.G.A. § 33–24–7(b)(2) and (3), its argument really focuses on subsection (2), which requires a showing of objective materiality. Defendant does not develop its argument under subsection (3), which focuses on the misrepresentation's impact on the insurer's own underwriting practices.

tent or character" of an insurer's risk, particularly if the cancellation resulted from the applicant's incursion of excessive or unreasonable losses under the prior policy. However, cancellation could have other causes not so obviously related to an applicant's risk as an insured. An applicant's prior insurer could become insolvent, causing it to cancel all existing policies. Or, as happened here, an applicant could lose his prior insurance for failure to pay premiums. In such a situation, reasonable jurors could certainly disagree as to whether the prior cancellation had any meaningful bearing on the "nature, extent or character" of the risk assumed by the insurer.[2]

The cases that defendant cites support the court's analysis. First, a number of these cases involve failures to disclose prior rejections or modifications of coverage. These rejections were material because they naturally resulted from the character of the risk presented by the applicant. *See, e.g., Smith v. John Hancock Mutual Life Insurance Co.*, 249 F.2d 657, 658 (5th Cir.1957) (prior life insurance altered based on applicant's high blood pressure); *Northwestern National Life Insurance Co. v. Wood*, 631 F.Supp. 22, 25 (N.D.Ga.1984) (Moye, C.J.) (prior life insurance rejection based on applicant's affliction with muscular dystrophy). Second, in the cases involving failures to disclose prior cancellations, the cancellations resulted from the applicants' incursion of excessive or unreasonable losses. *See, e.g., Brannon v. Allstate Insurance Co.*, 120 Ga.App. 467, 467, 171 S.E.2d 319, 319 (1969) (prior cancellation apparently resulted from one or two fire loss claims). Defendant cites no case in which a prior cancellation was expressly based on a factor other than the applicant's loss record under the prior policy. As a result, the court cannot conclude that plaintiffs' misrepresentation was material as a matter of law under O.C.G.A. § 33–24–7(b)(2).

As discussed earlier, defendant does not develop its position under O.C.G.A.

§ 33–24–7(b)(3). Under that subsection, the insurer must show that in good faith, it "would either not have issued the policy or contract or would not have issued a policy or contract" in as favorable of terms had it known of the misrepresentation. "The key language of [subsection (3)] is that the insurer must demonstrate its good faith before it can rescind the policy." *Hall*, 663 F.Supp. at 603. Defendant is not entitled to summary judgment under subsection (3) because it failed present any evidence showing that it would not have issued plaintiffs' policy if it had known of the misrepresentation. *Compare id.* at 603 (defendant's underwriting manager testified that defendant would not have issued plaintiff's policy had it known of misstatement); *Wood*, 631 F.Supp. at 244 (defendant presented affidavit and copies of its underwriting standards demonstrating that it would not have issued plaintiff's policy had it known of misstatement).

## CONCLUSION

The court DENIES defendant's Motion for Summary Judgment.

So ORDERED.

---

2. Indeed, defendant seems to recognize that different causes for cancellation could have different effects on its decision to insure, since its application requests an explanation from any applicant who admits that an earlier policy was cancelled. If all cancellations had the same, material effect on defendant's calculation of risk, defendant would have no reason to request such an explanation.